871 P.2d 369

**Loyola TRUJILLO, Plaintiff–Appellee,**

v.

**Jose E. SERRANO, Defendant–Appellant.**

**No. 20900.**

Supreme Court of New Mexico.

March 8, 1994.

---

Jose E. Serrano, pro se.

Loyola Trujillo, pro se.

## OPINION

FROST, Justice.

Defendant–Appellant Jose E. Serrano appeals the dismissal by the district court of his appeal of a magistrate court decision. The

basis of the district court action was that Serrano had not timely filed his appeal. We conclude that there is no jurisdictional bar to hear the appeal if the notice was late because of court error. This case is remanded for further proceedings.

## I.

### Facts

This matter arises from a breach-of-contract claim concerning the construction of a swimming pool. On March 4, 1992, Trujillo and Serrano presented the merits of their contract dispute in the Rio Arriba County Magistrate Court. After the evidence had been presented, the magistrate stated in open court he would take the case under advisement. He further indicated, according to Serrano's affidavit in district court, he would recall the parties to the court on an unspecified later date and announce his decision. On March 30, 1992, without further notice to the parties, the magistrate filed a written judgment favoring Trujillo. New Mexico law requires those aggrieved of a magistrate's decision to file a notice of appeal to district court within fifteen days after the judgment or final order. NMSA 1978, § 35–13–1 (Repl.Pamp.1988); SCRA 1986, 2–705(A) (Repl.Pamp.1990). Trujillo claims the fifteen-day period began to run upon the entry of the judgment by the clerk on March 30.

Serrano claims, however, that he was not informed of the magistrate's decision until the first week of May 1992 when he received a copy of the decision at his post office box, more than one month after the judgment was filed. Serrano claims he relied on the magistrate's statement that no decision would be rendered until the parties were recalled to the court. He asserts the fifteen-day period started when he received the opinion in the mail, giving him at least until May 15 to file. On May 7, 1992, Serrano filed a notice of appeal in Rio Arriba County District Court.

On June 30, 1992, Trujillo moved to dismiss on the ground that the notice of appeal was late. A hearing was held on November 2, 1992, in district court. On November 4, 1992, the district court entered an Order of Dismissal with prejudice because Serrano's appeal was untimely and the court was thus deprived of jurisdiction.

## II.

### Law governing appeals from magistrate court

The time limit on appeals from magistrate court is codified by Section 35–13–1 of the statutes relating to magistrate court which permits an "appeal to the district court within fifteen days *after judgment is rendered or the final order is issued....*" (emphasis added). The time limit is reiterated in the Rules of Civil Procedure for Magistrate Courts. At the time of this dispute the wording of the rule allowed "fifteen (15) days *after entry of the judgment or final order.*" SCRA 2–705(A) (emphasis added). (The language of this rule was changed effective January 1, 1994. As discussed below, the changes resolve any confusion about the beginning of the fifteen-day period.) The magistrate rules further stress that the fifteen days is not a discretionary guideline but an inflexible deadline:

> When by these rules or by a notice given thereunder or by order of court, an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion:
>
> . . . .
>
> (2) upon motion made after the expiration of the specified period, permit the act to be done, *but it may not extend the time for ... taking an appeal under Rule 2–705.*

SCRA 1986, 2–104(B) (Repl.Pamp.1990) (emphasis added).

The fact that Serrano's notice of appeal was filed late cannot be seriously disputed. Though there seems to be a disparity of terminology between the statute and rule in describing the moment from which a magistrate's order can be appealed, we feel any confusion is largely academic. The term "entry" as used in SCRA 2–705(A) and the terms "rendered" and "issued" in Section 35–13–1 are synonymous with the time a judgment or decision is "filed" with the court clerk's office. In fact, the amendments to

SCRA 2–705(A), which became effective January 1, 1994, have discarded the above terminology: the right to appeal now begins fifteen days "after the judgment or final order appealed from *is filed* in the magistrate court clerk's office." SCRA 2–705(A), *as amended by In re the Amendment of the Rules of Civil Procedure for the Magistrate Courts*, Supreme Court Order 8000 Misc., (Aug. 27, 1993), Judicial Pamphlet 2 (emphasis added). The new rules for metropolitan courts also adopt this "filing" terminology. *See* SCRA 1986, 3–706(A) (Repl.Pamp.1993), *as amended by In re the Amendment of the Rules of Civil Procedure for the Metropolitan Courts*, Supreme Court Order 8000 Misc., (Aug. 27, 1993), Judicial Pamphlet 2. In the same way, the time to appeal from a district court begins to run from when "the judgment or order . . . is *filed* in the district court clerk's office." SCRA 1986, 12–201(A) (Repl. Pamp.1992) (emphasis added).

There is no question that, under this "filing" standard, Serrano's notice of appeal was not timely. The issue presented in this appeal is whether there are unusual circumstances under which a trial court should entertain an untimely notice of appeal.

### III.

### Background

■ The New Mexico Constitution mandates that "an aggrieved party shall have an absolute right to one appeal." N.M. Const. art. VI, § 2. The courts must ensure that the procedural rules expedite rather than hinder this right. *Govich v. North Am. Sys., Inc.*, 112 N.M. 226, 230, 814 P.2d 94, 98 (1991). Behind every evaluation of judicial procedure is the recollection that our modern system evolved in response to the involuted procedures of the courts of England in which the substantive issues of a case could be lost in a labyrinth of procedural rules. *See* Lewis Mayers, *The American Legal System* 240–43 (1955); Charles S. Christopher & Baron Bowen, *Progress in the Administration of Justice During the Victorian Period, in 1 Selected Essays in Anglo–American Legal History* 516, 519–22 (Committee of the Ass'n of Am.Law Schs. ed., 1907). Modern rules promote expedience and uniformity and attempt to balance constitutional rights with the need for the efficient administration of justice. As we have previously stated, "[i]t is the policy of this court to construe its rules liberally to the end that causes on appeal may be determined on the merits, where it can be done without impeding or confusing administration or perpetrating injustice." *Jaritas Live Stock Co. v. Spriggs*, 42 N.M. 14, 16, 74 P.2d 722, 722–23 (1937); *see also Govich*, 112 N.M. at 230, 814 P.2d at 98; *Lowe v. Bloom*, 110 N.M. 555, 798 P.2d 156, (1990); *James v. Brumlop*, 94 N.M. 291, 293, 609 P.2d 1247, 1249 (Ct.App.), *cert. denied*, 94 N.M. 674, 615 P.2d 991 (1980). Procedural formalities should not outweigh basic rights where the facts present a marginal case which does not lend itself to a bright-line interpretation. *See Trujillo v. Hilton of Santa Fe*, 115 N.M. 397, 398, 851 P.2d 1064, 1065 (1993). "Where . . . there are two possible interpretations relating to the right to an appeal, that interpretation which permits a review on the merits rather than rigidly restricting appellate review should be favored." *Maples v. State*, 110 N.M. 34, 42, 791 P.2d 788, 796 (1990) (Montgomery J., dissenting) (quoting *In re Application No. 0436–A (Sleeper v. Ensenada Land & Water Ass'n)*, 101 N.M. 579, 581, 686 P.2d 269, 271 (1984)). A court's decision not to excuse a party's failure to file a timely appeal will be reviewed by an appellate court applying an abuse of discretion standard. *See State ex rel. Udall v. Colonial Penn Ins. Co.*, 112 N.M. 123, 128, 812 P.2d 777, 782 (1991). Serrano's explanation of his late filing was— if supported by the evidence—sufficient to give the district court reason to exercise its discretion in allowing the appeal.

### IV.

### Are there unusual circumstances under which a trial court should entertain an untimely notice of appeal?

1. **Absolute jurisdictional matter vs. mandatory precondition to the exercise of jurisdiction.**

Trujillo urges the proposition "that timely notice of appeal presents an absolute jurisdictional matter; the absence of a timely

appeal *removes* any ability or power of the court to act on the matter." Earlier New Mexico decisions would support this interpretation. *See, e.g. Lopez v. Allied Concord Fin. Corp.,* 82 N.M. 338, 339, 481 P.2d 700, 701 (1971); *Scott v. Newsom,* 74 N.M. 399, 402, 394 P.2d 253, 255 (1964); *Chavez v. Village of Cimarron,* 65 N.M. 141, 144–45, 333 P.2d 882, 884–85 (1958); *State ex rel. Heron v. District Court,* 46 N.M. 290, 292, 128 P.2d 451, 452 (1942). This proposition was also urged by the majority in *Lowe v. Bloom,* 110 N.M. 555, 556, 798 P.2d 156, 157 (1990). However, more recent decisions by this Court have intimated and even proclaimed that the word "jurisdiction" connotes shades of meaning in addition to its common usage in most federal and state courts. *See Govich,* 112 N.M. at 230, 814 P.2d at 98 (1991); *State v. Orosco,* 113 N.M. 780, 788–89, 833 P.2d 1146, 1154–55 (1992) (Ransom, C.J., specially concurring); *Lowe,* 110 N.M. at 556–59, 798 P.2d at 157–60 (Montgomery, J., dissenting).

For example, lack of subject matter jurisdiction means—as Trujillo urges—"an entire lack of power to hear or determine the case and the absence of authority over the subject matter or the parties." *Grace v. Oil Conservation Comm'n,* 87 N.M. 205, 208, 531 P.2d 939, 942 (1975) (citing 20 Am.Jur.2d *Courts* § 87 (1965)); *see also Lasley v. Baca,* 95 N.M. 791, 794, 626 P.2d 1288, 1291 (1981) ("A lack of subject matter jurisdiction means a lack of authority to decide the matters presented."). However, an untimely filing of a notice of appeal is not circumscribed by so bright a jurisdictional line. *See Orosco,* 113 N.M. at 789, 833 P.2d at 1155 (Ransom, C.J., specially concurring).

The appellate courts of New Mexico have on several occasions permitted the late filing of a notice of appeal: The Court of Appeals in *State v. Duran,* 105 N.M. 231, 731 P.2d 374 (Ct.App.1986), held that, in criminal cases, "there is a conclusive presumption of ineffective assistance of counsel where notice of appeal or affidavit of waiver are not filed within the time limit required." *Id.* at 232, 731 P.2d at 375. The defendant's right to an appeal must not be denied because of ineffective assistance of counsel, and in that circumstance we will hear an untimely appeal. *See id. Govich* concerned two court orders arising from the same tort claim: the first granted partial summary judgment for various types of injury, and the second was a dismissal of a claim for products liability. 112 N.M. at 229, 814 P.2d at 97. This Court decided that a notice of appeal filed after the second order also conferred jurisdiction and was a timely appeal as to the first order. *Id.* at 230, 814 P.2d at 98. In *Adams v. Tatsch,* 68 N.M. 446, 448, 362 P.2d 984, 985–86 (1961), and *Jaritas,* 42 N.M. 16, 74 P.2d 722, discussed below, this Court allowed late appeals to be heard where the delay was caused by judicial error.

In addition to these cases, there have been a number of opinions and dissents either implying that appellate courts in New Mexico have discretion to overlook technical violations of jurisdictional requirements or urging the courts to adopt such a rule. *See, e.g., In re Estate of Newalla,* 114 N.M. 290, 296, 837 P.2d 1373, 1379 (Ct.App.1992) (suggesting a late appeal might be accepted based upon the appellant's "reasonable reliance on a precedent indicating that the order not timely appealed was not a final, appealable order"). As suggested in Chief Justice Ransom's special concurrence in *Orosco,* 113 N.M. at 788, 833 P.2d at 1154, Justice Montgomery has offered the Court persuasive arguments against the inflexible enforcement of jurisdictional prerequisites. *See Lowe,* 110 N.M. at 556–59, 798 P.2d 157–60 (Montgomery, J., dissenting); *Maples,* 110 N.M. at 42 n. 4, 791 P.2d at 796 n. 4 (Montgomery, J., dissenting); *Orosco,* 113 N.M. at 782, 833 P.2d at 1149.

 Thus, while lack of subject matter jurisdiction precludes the possibility of hearing a case, *Lasley,* 95 N.M. at 794, 626 P.2d at 1291, it has occasionally been possible for an appellant to file a late notice of appeal and still invoke the court's jurisdiction. These more equivocal jurisdictional matters are better described as *mandatory preconditions to the exercise of jurisdiction. Govich,* 112 N.M. at 230, 814 P.2d at 98: *Orosco,* 113 N.M. at 788, 833 P.2d at 1154 (Ransom, C.J., specially concurring); *Newalla,* 114 N.M. at 296, 837 P.2d at 1379. This description merely gives a name to the time-honored

maxim that subject matter jurisdiction is dependent upon such prerequisites as the proper filing of a notice of appeal. *Russell v. University of N.M. Hosp.*, 106 N.M. 190, 193, 740 P.2d 1174, 1177 (Ct.App.), *cert. denied*, 106 N.M. 174, 740 P.2d 1158 (1987).

### 2. Untimely filing of notice of appeal caused by error of the court.

■ Because a mandatory precondition rather than an absolute jurisdictional requirement is at issue, a trial court may—under unusual circumstances—use its discretion and entertain an appeal even though it is not timely filed. *See Govich*, 112 N.M. at 230, 814 P.2d at 98 (suggesting the Court has discretion to excuse improper attempts to invoke appellate jurisdiction). The decision to dismiss an appeal is extreme and must be determined on a case-by-case basis. *Olguin v. State*, 90 N.M. 303, 305, 563 P.2d 97, 99 (1977).

■ One unusual circumstance which would warrant permitting an untimely appeal might arise if the delay was the result of judicial error. To deny a party the constitutional right to an appeal because of a mistake on the part of the court runs against the most basic precepts of justice and fairness. *See Heron*, 46 N.M. at 293, 128 P.2d at 452–53. Serrano alleges he filed late because he was led to believe by the magistrate that he would not learn of the decision until the parties were recalled to court. He implies he might not have passively awaited word had he known the decision would be rendered by a different process. Even Appellee Trujillo admits the possibility of injustice by claiming that "[t]he law doesn't cure every unfortunate or unfair situation."

Two New Mexico cases have permitted a late appeal where the courts were in error. In *Jaritas*, while the appellant promptly mailed the motion and prepared order to the trial court, the judge filed the order one day after the expiration of the period. 42 N.M. at 16, 74 P.2d at 723. In *Adams*, while the counsel apparently proceeded without delay, the court did not timely enter the order allowing the appeal. 68 N.M. at 448, 362 P.2d at 985–86.

The district court must examine the facts to determine if the actions of the magistrate court caused Serrano's filing to be untimely. If it so finds, then Serrano's appeal should be heard.

■ We conclude, however, by echoing the Court's warning in *Johnson v. Johnson*, 74 N.M. 567, 569, 396 P.2d 181, 182 (1964): Counsel should not rely on the court's munificence when filing notices of appeal. It is incumbent upon the parties to strictly adhere to our clearly articulated rules of procedure. Procedural rules do nothing if they do not establish uniformity upon which all participants in the legal system can rely. Only the most unusual circumstances beyond the control of the parties—such as error on the part of the court—will warrant overlooking procedural defects.

### V.

We reverse and remand for proceedings consistent with this opinion.

**IT IS SO ORDERED.**

MONTGOMERY, C.J., and FRANCHINI, J., concur.