IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CITY OF RIO RANCHO,**

Plaintiff-Appellee,

v.                                                          **NO. 28,979**

**KIMBERLY A. RYTTER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**John F. Davis, District Judge**

Gina R. Manfredi
Rio Rancho, NM

for Appellee

Kimberly A. Rytter
Rio Rancho, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Defendant appeals pro se from the district court's dismissal of the appeal of her municipal court convictions. The notice proposed to affirm, and Defendant filed a

timely response in opposition. We remain unpersuaded by Defendant's arguments and therefore affirm.

**Issue:** Defendant continues to argue that the district court erred in dismissing her case based on an untimely appeal. [DS 2; RP 47; response 1] The municipal court judgment and sentence was entered on February 20, 2008. [RP 16] Defendant filed her notice of appeal in the district court on March 7, 2008. [RP 13] Rule 8-703(A) NMRA provides, in relevant part, that the "notice of appeal shall be filed in the district court within fifteen (15) days after the judgment or final order appealed from is filed in the municipal court." Rule 8-703(A) additionally provides that the three-day mailing rule does not apply. In such instance, in order to be timely, Defendant's appeal needed to have been filed on or before March 6, 2008. Because Defendant's appeal was filed one day late with the district court, we affirm the district court's order of dismissal. [RP 47] *See Trujillo v. Serrano*, 117 N.M. 273, 277-78, 871 P.2d 369, 373-74 (1994) (holding that the timely filing of a notice of appeal is a mandatory precondition to our exercise of jurisdiction to hear an appeal); *see also Govich v. N. Am. Sys., Inc.*, 112 N.M. 226, 230, 814 P.2d 94, 98 (1991) (holding that time and place filing requirements for the notice of appeal are mandatory preconditions to the exercise of jurisdiction over an appeal).

In the present case, Defendant argues that she tried to file her notice of appeal

2

with the district court on March 5th, but she was prevented from doing so because the judge was not available to consider her corresponding application for free process. [DS 3-5] Defendant asserts that, although she presented her application for free process on March 5th, the district court did not consider it until March 7th, thereby delaying the timely filing of her appeal. This argument was made below [DS 4; RP 42, 55-57] and rejected by the district court, as it ultimately dismissed Defendant's appeal based on untimeliness. Because it is the district court's role as factfinder to resolve any factual disputes, *see State v. Garcia*, 2005-NMSC-017, ¶ 27, 138 N.M. 1, 116 P.3d 72 (providing that "the trial court is in a better position [than the appellate court] to judge the credibility of witnesses and resolve questions of fact"), we affirm the district court's implicit determination that it was not until March 7th that Defendant presented both her notice of appeal and application for free process, as reflected by the file stamp dates on both. [DS 5; RP 1, 5]

Lastly, we acknowledge Defendant's request in her response to our notice for this Court to consider that the "original free single process" does not have a date. [response 1] Neither this document, nor the judge's letter referenced by Defendant in her response [response 1], are included in the record proper. *See State v. Reynolds*, 111 N.M. 263, 267, 804 P.2d 1082, 1086 (Ct. App. 1990) (holding that "[m]atters outside the record present no issue for review"). Even if such referenced documents

were included as part of the record proper, however, our holding would not change as it was within the district court's role as factfinder to determine that Defendant did not present and file her application for free process until March 7th as indicated on the file stamp date on the application.  [RP 1]

Based on the foregoing discussion, we affirm.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**ROBERT E. ROBLES, Judge**

_____
**TIMOTHY L. GARCIA, Judge**