**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**ITALIGREE INVESTMENTS, LLC,**

Plaintiff-Appellee,

v.                                                                                          **NO. 28,975**

**JETHRO CHAPPELLE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**George P. Eichwald, District Judge**

Law Office of Brad L. Hays
Brad L. Hays
Rio Rancho, NM

for Appellee

Jethro Chappelle
New York, NY

Pro Se Appellant

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

The opinion filed March 17, 2009, is hereby withdrawn and replaced with the following opinion.

Defendant did not file a notice of appeal in this case until 60 days past the

deadline. We issued a calendar notice proposing to dismiss the appeal on the grounds that we do not have jurisdiction. [Ct. App. file-purple clip] Defendant did not initially respond to our notice of proposed summary disposition, and this Court filed an opinion dismissing the appeal on March 17, 2009. [Ct. App. file-pink clip] Defendant then filed several motions seeking extensions of time to file a memorandum in opposition, which this Court granted. [Ct. App. file-red and green clips] Defendant has now filed a memorandum in opposition that we have duly considered. [Ct. App. file-top document] We remain unpersuaded and, therefore, we dismiss the appeal.

To properly invoke this Court's jurisdiction, a party must comply with the appellate rules governing the time and place in which to file the notice of appeal. *See Govich v. North Am. Sys., Inc.*, 112 N.M. 226, 230, 814 P.2d 94, 98 (1991); *see also Trujillo v. Serrano*, 117 N.M. 273, 277-78, 871 P.2d 369, 373-74 (1994) (establishing that the timely filing of a notice of appeal is a mandatory precondition to our exercise of jurisdiction to hear an appeal).

In this case, the district court entered its order denying Defendant's motion to set aside default judgment on August 4, 2008. [RP 108] Under the applicable rules of appellate procedure, Defendant then had thirty days in which to file a notice of appeal in the district court. *See* Rule 12-201(A)(2) NMRA. Defendant did not file his notice of appeal until November 24, 2008. [RP 113] The notice is therefore

dramatically late.

Only in exceptional circumstances beyond the control of the parties will we entertain an untimely appeal. *See In re Estate of Newalla*, 114 N.M. 290, 296, 837 P.2d 1373, 1379 (Ct. App. 1992) (stating that "[o]ne such exceptional circumstance might be reasonable reliance on a precedent indicating that the order not timely appealed was not a final, appealable order"); *see also Trujillo*, 117 N.M. at 278, 871 P.2d at 374 (holding that exceptional circumstances are those beyond the control of the parties, such as delay caused by judicial error).

In his memorandum in opposition, Defendant does not respond to our proposed summary dismissal on the grounds that the notice of appeal was late and that we do not have jurisdiction to hear the appeal. *See* Rule 12-210(D)(3) NMRA (providing that the memorandum in opposition will set forth reasons why the proposed disposition should or should not be made). Rather, Defendant argues that the district court erred in entering default judgment against him below because he was not properly served. [MIO -5]

We find no indication that this case presents unusual or exceptional circumstances that would justify deviation from our mandatory and rigidly enforceable procedural rules. *See Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84 (holding that pro se litigants must comply with the rules and orders

of the court and will not be treated differently than litigants with counsel).  Therefore, we cannot exercise our jurisdiction to entertain this untimely appeal.

For these reasons, we dismiss.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**

_____
**TIMOTHY L. GARCIA, Judge**