This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ELIZABETH M. MARTINEZ,**

    Petitioner-Appellee,

v.                                                                          **NO.  29,562**

**PEGGYLEE E. MARTINEZ,**

    Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Barbara Vigil, District Judge**

Elizabeth M. Martinez
Santa Fe, NM

Pro Se Appellee

PeggyLee E. Martinez
Albuquerque, NM

Pro Se Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

Respondent appealed, pro se, from three orders of the district court: (1) an October 10, 2003 order of protection; (2) a November 20, 2008 denial of Respondent's request to dismiss the order of protection; and (3) a February 19, 2009 denial of Respondent's motion to disqualify the domestic hearing officer and/or district judge. [RP 89] This Court issued a calendar notice proposing to dismiss for lack of a timely notice of appeal. Respondent has filed a memorandum in opposition to this Court's proposed disposition, which we have duly considered. Because we are unpersuaded by Respondent's argument against proposed disposition, we dismiss.

As noted above, Respondent appeals from three orders of the district court. In this Court's calendar notice, we assumed for the sake of argument that the orders Respondent was appealing from are final orders, and considered whether or not Respondent had filed a timely notice of appeal. We considered the last order entered and from which Respondent appealed in determining whether Respondent's notice of appeal was timely filed. We noted that the order was entered on February 19, 2009, and that Respondent did not file a notice of appeal with the district court until April 1, 2009. We therefore proposed to dismiss Respondent's appeal as untimely.

In her memorandum in opposition, Respondent contends that the time for filing her notice of appeal did not run until April 2, 2009. [MIO 2] Respondent contends that the district court clerk explained to her that the time for filing a notice of appeal is thirty days, but that the thirty-day period includes only days the Court is open for business. [Id.] Rule 12-308 NMRA governs how the thirty-day period is calculated.

Rule 12-308 provides:

> In computing any period of time prescribed or allowed by these rules . . . the day of the act, event or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included unless it is a Saturday, Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than eleven (11) days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation.

Thus, according to the plain language of the rule, Saturdays, Sundays, and legal holidays are not excluded from a calculation of time *unless* it is the last day of the time period for filing a document or the time period is less than eleven days. Rule 12-201(A)(2) provides that the time for filing a notice of appeal is thirty days, thus, we would not exclude *all* weekends and legal holidays in calculating the time-period since the time allowed is more than eleven days. We would, however,

exclude Saturday, March 21, 2009, and Sunday, March 22, 2009, from our calculation, since the last day of the period would otherwise fall on a weekend day when a notice of appeal could not be filed. This results in Respondent's notice of appeal being due on Monday, March 23, 2009. (We note that this Court's calendar notice contained a typographical error in that it provided the time period ran on March 20, 2009.) Respondent did not file her notice of appeal until April 1, 2009.

To the extent Respondent seeks to have this Court consider her appeal based on misinformation received from the district court clerk, we note that pro se litigants are held to the "same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar." *Newsome v. Farer,* 103 N.M. 415, 419, 708 P.2d 327, 331 (1985). Thus, where a pro se litigant has chosen to represent herself on appeal, the pro se litigant will not be treated differently from litigants with counsel. *Bruce v. Lester,* 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84. Our rules of appellate procedure clearly state that Saturdays, Sundays, and legal holidays are included in calculating the time for filing documents, except under very specific circumstances. This Court would not permit counsel to avoid the consequences of an untimely notice of appeal on this basis. We will not, therefore, excuse Respondent's untimely notice of appeal on this basis either. Moreover, "[o]nly the most unusual circumstances *beyond the control of the*

4

*parties*—such as error on the part of the court—will warrant overlooking procedural defects." *See Trujillo v. Serrano*, 117 N.M. 273, 278, 871 P.2d 369, 374 (1994). To the extent Respondent asserts that alleged perjury by the complaining witness constitutes unusual circumstances, perjury

is not the type of unusual circumstance that generally warrants our consideration of an appeal despite an untimely notice. *See id*; *see also Romero v. Pueblo of Sandia*, 2003-NMCA-137, ¶ 6, 134 N.M. 553, 80 P.3d 490.

Finally, we note that we expressed some reservation about the finality of the order from which Respondent was appealing in our calendar notice, and merely assumed for the sake of argument that the February 19, 2009 order was final. Respondent did not provide any basis that would support a determination that the order was final for the purpose of appeal.

For the reasons stated above and in this Court's notice of proposed disposition, we dismiss this appeal.

**IT IS SO ORDERED.**

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**


_____
**MICHAEL D. BUSTAMANTE, Judge**