This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**WRONGFUL DEATH ESTATE
OF ESTHER HORNER, DECEASED,
BY JIM L. HORNER, PERSONAL
REPRESENTATIVE,**

Plaintiff-Appellant,

v.                                                                                           NO. 30,520

**SKILLED HEALTHCARE GROUP, INC.;
SKILLED HEALTHCARE, LLC;
BELEN MEADOWS HEALTHCARE AND
REHABILITATION CENTER, LLC; AND
ADMINISTRATOR L. DUANE WRIGHT**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Barbara J. Vigil, District Judge**

Harvey Law Firm, LLC
Dusti D. Harvey
Jennifer J. Foote
Albuquerque, NM

for Appellant

Rodey, Dickason, Sloan, Akin & Robb, P.A.

W. Robert Lasater, Jr.
Sandra L. Beerle
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Appellant (Plaintiff) appeals from the district court's "order granting Defendants' motion to compel arbitration and Defendants' motion for protective order" (order). [RP Vol.II/273] Our notice proposed to dismiss for lack of a timely notice of appeal and Plaintiff filed a timely memorandum in opposition. We are not persuaded by Plaintiff's arguments, and therefore dismiss.

The order was filed on April 28, 2010. [RP Vol.II/273] To be timely, Plaintiff's appeal needed to be filed in the district court's clerk's office on or before Friday, May 28, 2010. *See* Rule 12-201(A)(2) NMRA (providing that "[a] notice of appeal shall be filed . . . within thirty days after the judgment or order appealed from is filed in the district court clerk's office"). The copy of the notice of appeal in the record provides that the notice of appeal was mailed to the district court on May 28th, but not actually filed until June 2nd. [RP Vol.II/277-78] Because the notice of appeal was not filed until June 2, 2010 [RP Vol.II/277], we dismiss. *See Govich v. N. Am. Sys., Inc.*, 112 N.M. 226, 230, 814 P.2d 94, 98 (1991) (holding that the appellate rule for timely filing of notice of appeal is a mandatory precondition to exercise of

2

jurisdiction).

We recognize that in some cases unusual circumstances may warrant excusing the late filing of a notice of appeal. [MIO 3-4] *See, e.g.*, *Schultz v. Pojoaque Tribal Police Dep't & N.M. Mut. Cas. Co.,* 2010-NMSC-034, ¶ 21, ____ N.M. ____, ____ P.3d ____ (excusing the untimely filing of the notice of appeal when the petitioner mailed the notice of appeal four days before the filing deadline, the delay in filing was only marginal, and the unexpected delay was caused by the postal service and thus constituted an unusual circumstance outside the petitioner's control). Unlike *Schultz*, however, wherein the notice of appeal was mailed four days before the deadline, the notice of appeal in the present case was mailed on the last day of the deadline. Plaintiff's counsel provides that she had instructed her paralegal to file the notice of appeal via facsimile on May 28th, but that the paralegal had instead mailed the notice of appeal on this date. [DS 2-3] We do not consider this to be the type of "unusual circumstance" contemplated by *Schultz* that excuses a late filing. [DS 5] *Cf. Trujillo v. Serrano*, 117 N.M. 273, 278, 871 P.2d 369, 374 (1994) (recognizing that error on the part of the court will warrant overlooking procedural defects such as an untimely notice of appeal). We note lastly that the merits of the underlying case are not a factor in determining whether a late notice of appeal is excusable. [MIO 6]

Based on the foregoing discussion, we dismiss based on an untimely notice of

3

appeal.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**MICHAEL E. VIGIL, Judge**