This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE EX REL. HUMAN SERVICES DEPARTMENT,**

Petitioner-Appellee,

v.                                                                          **NO. 31,388**

**LEROY SALAZAR,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**John F. Davis, District Judge**

Lila Bird
Santa Fe, NM

for Appellee

Leroy Salazar
Rio Rancho, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Respondent appeals from the district court's order adopting the recommendation of the child support hearing officer and requiring Respondent to pay

$1,000 per month in child support arrears via wage withholding. [RP 214-15, 229] The district court's order was entered on May 10, 2011. [RP 229] Respondent filed a pro se notice of appeal with the district court on Friday, June 10, 2011. [RP 231] This Court issued a calendar notice proposing to dismiss Respondent's appeal as untimely.

This Court issued a calendar notice proposing to conclude that Respondent's appeal from the aforementioned order was not timely filed, because it was filed outside the thirty day period provided by our rules. *See* Rule 12-202(A) NMRA; Rule 12-201(A)(2) NMRA. We pointed out that the timely filing of a notice of appeal is a mandatory precondition to the exercise of our jurisdiction. *See Govich v. N. Am. Sys., Inc.*, 112 N.M. 226, 230, 814 P.2d 94, 98 (1991). We instructed Respondent to inform this Court if there were any unusual circumstances that would permit this Court to exercise its discretion and entertain Respondent's appeal despite his untimely notice. [CN 3] *See Romero v. Pueblo of Sandia*, 2003-NMCA-137, ¶ 6, 134 N.M. 553, 80 P.3d 490 (recognizing that this Court will not ordinarily entertain an appeal in the absence of a timely notice, but that unusual circumstances create an exception that "warrant[s] permitting an untimely appeal" (quoting *Trujillo v. Serrano*, 117 N.M. 273, 278, 871 P.2d 369, 374 (1994)).

Respondent has filed a memorandum in opposition arguing that (1) he is pro se and understanding the rules and requirements of filing is difficult, (2) the Thirteenth Judicial District Court limited his access to the court, and (3) a holiday was included in the time period, which would make his appeal timely. To the extent Respondent contends that his appeal was timely, we disagree. Respondent argues that Memorial Day fell within the thirty day time period for filing his notice of appeal. Respondent argues that according to our rules holidays are not counted. Our rules provide that a holiday should not be counted when it would be the last day of a computed period of time or when the time a litigant has to act is less than eleven days. *See* Rule 12-308 NMRA. Neither of these circumstances applies here; therefore, the fact that Memorial Day fell within the thirty-day period Respondent had for filing does not have any effect on Respondent's deadline for filing his notice of appeal.

To the extent Respondent relies on his pro se status or the limited filing hours at the Thirteenth Judicial District as unusual circumstances, we conclude that these circumstances are not of the type that would permit this Court to hear Respondent's appeal despite his untimely notice. Generally, this Court will only exercise its discretion to hear an appeal despite an untimely notice when the untimely filing arises from circumstances outside of the litigant's control, such as court error. *Trujillo*, 117 N.M. at 278, 871 P.2d at 374 ("Only the most unusual circumstances beyond the

control of the parties—such as error on the part of the court—will warrant overlooking procedural defects."). To the extent Respondent relies on his pro se status, a pro se litigant is held to the "same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar." *Newsome v. Farer,* 103 N.M. 415, 419, 708 P.2d 327, 331 (1985). Furthermore, to the extent Respondent relies on the Thirteenth Judicial District's policy of not permitting pro se filings after noon on Fridays, Respondent does not contend that this policy actually impacted his ability to timely file his notice of appeal.

For the reasons stated above and in this Court's notice of proposed disposition, we dismiss.

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____

**JAMES J. WECHSLER, Judge**


_____

**TIMOTHY L. GARCIA, Judge**

4