This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                    **No. 31,951**

**PAUL KEITH REYES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Paul Keith Reyes
Albuquerque, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Reyes appeals an order dismissing his de novo trial in the district court after he was convicted of a traffic offense in metropolitan court. In this Court's notice of proposed summary disposition, we proposed to dismiss Reyes's appeal, as his notice of appeal was not timely. Reyes has filed a memorandum in opposition, which we have duly considered. As we are not persuaded by Reyes's arguments, we affirm.

Because Reyes's notice of appeal was not timely filed, in our notice of proposed summary disposition we proposed to hold that he failed to properly invoke this Court's jurisdiction. *See Trujillo v. Serrano*, 117 N.M. 273, 277-78, 871 P.2d 369, 373-74 (1994) (stating that the timely filing of a notice of appeal is a mandatory precondition to the exercise of a court's jurisdiction to hear an appeal). Although this Court often excuses the untimely filing of a notice of appeal in a criminal case when the defendant was represented by counsel, that is because we presume that counsel was ineffective in filing the late notice and that the defendant should not be prejudiced by his counsel's ineffectiveness. *See State v. Duran*, 105 N.M. 231, 232, 731 P.2d 374, 375 (Ct. App. 1986). In our notice, we pointed out that Reyes elected to proceed pro se below, and that he therefore waived his right to counsel. While we recognized that an attorney from the Public Defender's office entered an appearance on behalf of Reyes, we stated that it appeared from the record that Reyes wished to represent himself and that the district court simply appointed standby counsel in the event that Reyes decided that he wanted assistance at trial. [RP 76-77, 83] However, since

Reyes has represented himself throughout the proceedings in this case, did not appear at trial, and filed his notice of appeal pro se, we indicated that it appeared that he had waived any right to counsel he had. We therefore proposed to conclude that we cannot extend the *Duran* presumption to Reyes's appeal. *See, e.g., State ex rel. Children, Youth & Families Dep't v. Amanda M.*, 2006-NMCA-133, ¶ 19, 140 N.M. 578, 144 P.3d 137 ("In order for the presumption of ineffective assistance of counsel to apply, the party must have a right to effective assistance of counsel."); *State v. Reyes*, 2005-NMCA-080, ¶ 10, 137 N.M. 727, 114 P.3d 407 (recognizing that a pro se defendant is precluded from complaining on appeal that ineffective self-representation amounts to a denial of effective assistance of counsel).

Reyes has filed a memorandum in opposition in which he acknowledges that he is pro se, although he asserts that this is due to an alleged bias of the Public Defender's office, and in which he primarily argues the merits of his appeal—that the district court was biased and that the State has a history of harassing him. Reyes's memorandum provides this Court with no new facts, authority, or analysis that would persuade us that this appeal should not be dismissed on the grounds stated in our notice. Accordingly, for the reasons stated here and in our notice, we dismiss this

appeal.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER,  Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge**