This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                                      **No. 32,274**

**RAYMOND MIGUEL GONZALES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Stephen K. Quinn, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Raymond Miguel Gonzales
Santa Fe, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Defendant is appealing, pro se, from a district court order denying his motion to set aside a 2001 judgment. We proposed to dismiss the appeal for failure to file a

timely notice of appeal in the proper court. Alternatively, we proposed to affirm because Defendant's motion was untimely. We affirm.

Initially, please note that all references will be to the record captioned D-905-CR02000-00225.

As indicated, Defendant is appealing, pro se, from a district court order denying his motion to set aside a 2001 judgment. [RP 47-50] In that judgment, Defendant was sentenced to forty years, with all but nine years suspended. [Id.] Defendant filed a motion to amend the sentence on May 29, 2012, arguing that he thought at the time he entered the plea that his total sentence was limited to nine years. [RP 151-53] The district court denied the motion on the ground that it was filed beyond the deadline set forth in Rule 5-801(B) NMRA. [RP 160-61] Defendant filed a timely notice of appeal, but he filed it in this Court. [RP 173] The notice of appeal was apparently not filed in the district court until September 24, 2012. [Id.] Our Rules require a party to file a timely notice of appeal with the district court clerk. *See* Rules 12-201(A)(2) and -202(A) NMRA. As stated, Defendant's only timely appeal was filed in the wrong court. As such, our calendar notice proposed to dismiss because Defendant has not complied with a mandatory precondition to the exercise of our appellate jurisdiction to consider the merits of the appeal. *See Govich v. North Am. Sys., Inc.*, 112 N.M. 226, 230, 814 P.2d 94, 98 (1991) (stating that compliance with notice of appeal time and place requirements are mandatory preconditions to exercise of appellate jurisdiction).

As our Supreme Court has observed while discussing the notice of appeal requirement, "[o]nly the most unusual circumstances beyond the control of the parties—such as error on the part of the court—will warrant overlooking procedural defects." *Trujillo v. Serrano*, 117 N.M. 273, 278, 871 P.2d 369, 374 (1994). In his memorandum in opposition, Defendant essentially argues that exceptional circumstances exist because the district court somehow did not receive or file the notice of appeal.

Even if we assume, arguendo, that Defendant is correct that exceptional circumstances exist in this case, our calendar notice alternatively proposed to affirm the district court's ruling that Defendant's motion to amend was late under Rule 5-801(B). [RP 160] Defendant's motion was directed at his original 2001 sentence. [RP 151-53] Whether we construe his motion as a motion to modify his 2001 sentence, or his re-sentencing on probation violation in 2008 [RP 143], both of these dates are well outside of the ninety days allowed under Rule 5-801(B). We decline to construe this as a habeas appeal. *See State v. Barraza*, 2011-NMCA-111, ¶ 12, ___ N.M. ___ , 267 P.3d 815 (stating that "[a]lthough our Supreme Court has the flexibility to construe a motion as a petition for habeas corpus even where it was not denominated as such, *Case v. Hatch*, 2008-NMSC-024, ¶ 12, 144 N.M. 20, 183 P.3d 905, this Court has no such jurisdiction or flexibility to do so. *See* Rule 5-802(H)(2) [NMRA] (requiring a defendant to petition for certiorari to our Supreme Court in order to obtain review of a district court's denial of a writ of habeas corpus)"). In

3

short, if Defendant seeks relief from the 2001 judgment, he needs to proceed pursuant to the provisions of Rule 5-802.

For the reasons set forth in this Opinion, we affirm.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**LINDA M. VANZI, Judge**