This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MARY PATRICIA HYNOSKI,**

Plaintiff-Appellant,

**v.**                                                        **No. 32,743**

**ATWOOD MALONE TURNER & SABIN, P.A.;
ATTORNEY CARLA WILLIAMS; ATTORNEY
ROD SCHUMACHER; DR. JOHN HARMSTON,
M.D., P.C.; LEA REGIONAL MEDICAL CENTER,
LLC d/b/a LEA REGIONAL MEDICAL CENTER;
and MR. TIM THORNELL, Administrative Director
of Lea Regional Medical Center,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Sarah M. Singleton, District Judge**

Mary Patricia Hynoski
Santa Fe, NM

Pro Se Appellant

Butt, Thornton & Baehr, P.C.
Alfred L. Green, Jr.
Albuquerque, NM

Kemp Smith LLP
J. Scott Mann

El Paso, Tx

for Appellees

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

**{1}** Plaintiff has appealed from the dismissal of her claims with prejudice, by filing a document with this Court purporting to be a "Verified Petition for Docketing Statement" and "Writ of Mandamus." This Court issued a calendar notice proposing to: (1) dismiss Plaintiff's direct appeal as untimely, and (2) dismiss Plaintiff's petition for writ of mandamus as improperly filed with this Court. Plaintiff has filed a memorandum in opposition and various amendments in response. Having given due consideration to Plaintiff's filings, we remain unconvinced that it is proper for this Court to consider the merits of Plaintiff's claims on appeal and we dismiss. Plaintiff's petition for writ of mandamus is also dismissed.

**Untimely Notice of Appeal**

**{2}** Plaintiff's claims were dismissed with prejudice on January 8, 2013. [RP 1156-58] Plaintiff's notice of appeal was therefore due on Thursday, February 7, 2013. *See* Rule 12-201(A)(2) NMRA. Plaintiff's notice of appeal—filed on February 8, 2013—was one day late. [RP 1162]

2

**{3}** In this Court's calendar notice, we pointed out that, absent exceptional circumstances, this Court will not ordinarily entertain an appeal where the notice of appeal is untimely filed. *See Romero v. Pueblo of Sandia*, 2003-NMCA-137, ¶ 6, 134 N.M. 553, 81 P.3d 490 (recognizing that this Court will not ordinarily entertain an appeal in the absence of a timely notice, but that unusual circumstances can create an exception that "warrant[s] permitting an untimely appeal" (alteration in original) (internal quotation marks and citation omitted)). We cited *Trujillo v. Serrano*, 1994-NMSC-024, ¶ 19, 117 N.M. 273, 871 P.2d 369, for the proposition that "[o]nly the most unusual circumstances beyond the control of the parties—such as error on the part of the court—will warrant overlooking procedural defects." In response, Plaintiff directs this Court to various alleged errors by the district court. However, the errors Plaintiff refers this Court to are not errors that would have impacted her ability to file a timely notice of appeal, and are therefore not relevant to this Court's inquiry regarding the existence of the narrow exception that would allow this Court to exercise its discretion to entertain Plaintiff's appeal despite her untimely notice. As Plaintiff has not directed this Court to such exceptional circumstances, we dismiss Plaintiff's appeal as untimely.

**{4}** To the extent Plaintiff contends in her June 24, 2013, amendment to her memorandum in opposition that her appeal was timely, we disagree. Plaintiff argues:

"[U]pon further reference Plaintiff discovered if the 20th day falls on a Sunday, you have the extra day to file." [MIO Amend. 1] We understand Plaintiff to be referring to Rule 12-308(A) NMRA, which provides: "The last day of the period so computed shall be included unless it is a Saturday, Sunday or a legal holiday . . . in which event the period runs until the end of the next day which is not one of the aforementioned days." Given that Plaintiff had thirty days, not twenty, to file her notice of appeal, *see* Rule 12-201(A)(2) NMRA, the last day of the period was a Thursday. Therefore, Plaintiff was not entitled to an extra day for filing, and her notice of appeal filed on Friday, February 8, 2013, was untimely.

**Writ of Mandamus**

{5}     In this Court's notice of proposed disposition, we noted that Plaintiff had captioned the initiating document filed with this Court as both a docketing statement and petition for writ of mandamus. We noted that this Court has no original jurisdiction to grant or deny a writ of mandamus, and proposed to dismiss the petition. Plaintiff has responded by asserting that this Court has jurisdiction to review the grant or denial of a writ of mandamus by the district court, and asserts "in this case the district court granted a writ of mandamus[.]" [MIO 8] This Court's review of the record proper does not support Plaintiff's assertion. On August 14, 2012, Plaintiff filed a petition for writ of mandamus with the New Mexico Supreme Court. [RP 567]

4

We see nothing in the record reflecting that a petition for writ of mandamus was brought before the district court, or that the district court ever granted or denied such a writ. As a result, Plaintiff has provided no basis for invoking this Court's appellate jurisdiction, and to the extent she has, her direct appeal is untimely. Finally, to the extent Plaintiff is seeking this Court to act in the first instance in ruling on her petition for writ of mandamus, as we stated in this Court's notice of proposed disposition, we have no such authority.

{6}    For the reasons stated above and in this Court's notice of proposed disposition, we dismiss.

{7}    **IT IS SO ORDERED.**

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**LINDA M. VANZI, Judge**

_____

**J. MILES HANISEE, Judge**