This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JAMES ABERNATHY,**

Petitioner-Appellant,

v.                                                     **NO. 33,372**

**SHARON K. YOCUM,**

Respondent-Appellee,

and

**THE STATE OF NEW MEXICO**
**CHILD SUPPORT ENFORCEMENT DIVISION,**

Intervenor-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Dalene Marsh, District Judge**

James Abernathy
Bloomfield, NM

Pro Se Appellant

Sharon K. Yocum
Bloomfield, NM

Pros Se Appellee

N. M. Human Services Department
Brenna L. Clani-Washinawatock
Farmington, NM

for Intervenor-Appellee

## MEMORANDUM OPINION

**HANISEE, Judge.**

{1}     Petitioner-Appellant James Abernathy (Father), a self-represented litigant, appeals from the district court's rulings that adopt the hearing officer's findings and recommendations for child support and that deny Father's motion to modify the previous decree. [RP 118, 120, 126, 138, 148, 157] Our notice proposed to dismiss based on an untimely notice of appeal. Father filed a response in opposition. We are not persuaded by Father's arguments, and therefore dismiss for lack of a timely notice of appeal.

{2}     As provided in our notice, because the final order was filed on November 5, 2013 **[RP 148]**, to be timely the notice of appeal needed to be filed in the district court clerk's office on or before December 5, 2013. *See* Rule 12-201(A)(2) NMRA (providing that the notice of appeal must be filed within thirty days after the judgment or order appealed from is filed in the district court clerk's office); Rule 12-202(A) NMRA ("providing that a notice of appeal [must be filed with the district court clerk] within the time allowed by Rule 12-201"). Father's notice of appeal was not filed in

the district court clerk's office until February 28, 2014 [RP 157], well outside the required time-frame for filing a timely notice of appeal. Although Father filed a notice of appeal in this Court on December 2, 2013—within thirty days of the November 5, 2013, order – Rule 12-202(A) requires that the appeal be filed in the district court within thirty days. Thus, Father failed to comply with the time and place mandatory preconditions to appellate jurisdiction. *See Govich v. N. Am. Sys., Inc.*, 1991-NMSC-061, ¶ 12, 112 N.M. 226, 814 P.2d 94 (explaining that the *time and place* of filing a notice of appeal is a mandatory precondition to appellate jurisdiction (emphasis added)).

**{3}**    Father does not dispute the foregoing, other than to emphasize that he is not a lawyer [response 1] and assert that his failure to comply with the rules is the consequence of incorrect advice he was given by "Ms. Jensen from Child support" [response 1] as well as by an "Appellent [sic] Court Clerk." [response 1] In making such assertions, we understand Father to argue that "unusual circumstances" beyond his control precluded him from timely filing his notice of appeal in the district court. *See, e.g, Trujillo v. Serrano*, 1994-NMSC-024, ¶¶ 15-19, 117 N.M. 273, 871 P.2d 369 (providing that "[o]nly the most unusual circumstances beyond the control of the parties—such as error on the part of the court—will warrant overlooking procedural defects). Father's argument is not persuasive. Even assuming that a non-court

3

employee, Ms. Jensen from child support, provided Father with incorrect information, this does not rise to the level of "unusual circumstances" as contemplated by *Trujillo*. As a litigant who represented himself, Father was not absolved of his personal responsibility to follow the rules and could not rely on statements by a third-party, non-judicial employee to absolve him of this responsibility. *See generally Newsome v. Farer*, 1985-NMSC-096, ¶ 18, 103 N.M. 415, 708 P.2d 327 (providing that pro se litigants are held to the same standards as litigants represented by counsel). We similarly are not persuaded by Father's argument that a clerk of this Court caused him to file an untimely notice of appeal in the district court. [MIO 1] Father asserts that a clerk "called and told me that I needed to file with the District Court first and that it had to be done within 45 days so I filed with the District Court . . . ." [MIO 1] Even assuming that a clerk called Father with such advice, Father failed to do so within 45 days of the November 5, 2013, final order or from the December 2, 2013, notice of appeal he mistakenly filed in this Court. Moreover, while "[p]rocedural formalities should not outweigh basic rights where the facts present a marginal case which does not lend itself to a bright-line interpretation[,]" *see Trujillo*, 1994-NMSC-024, ¶ 9, the present circumstances do not present a marginal case because Father did not file his notice of appeal in district court until more than two months after the allotted time frame for filing an appeal. As we emphasized above, it was Father's responsibility,

4

and a matter within his control, to satisfy the time and place mandatory preconditions for filing a notice of appeal, and his self-represented status did not absolve him of this responsibility. *See id.* ¶ 19 (providing that litigants "should not rely on the court's munificence when filing notices of appeal [because i]t is incumbent upon the parties to strictly adhere to our clearly articulated rules of procedure").

{4}     Lastly, we acknowledge Father's frustration and view that he has not been treated fairly throughout this case. [MIO 1] However, given Father's failure to satisfy the time and place requirements for his notice of appeal, we are not in a position to review the merits of his arguments. For the reasons discussed in our notice and above, we dismiss.

{5}     **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**


**WE CONCUR:**


_____
**JONATHAN B. SUTIN**, **Judge**


_____
**LINDA M. VANZI, Judge**

5