This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                                    **No. 34,771**

**GASPAR RENE OLIVAS CASTANEDA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Daniel Viramontes, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

The Appellate Law Office of Scott M. Davidson, Ph.D., Esq.
Scott M. Davidson
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1}     Defendant appeals the district court's denial of a motion seeking an extension of time in which to file a notice of appeal. [RP 62-65] In doing so, Defendant asserts that his failure to file a timely notice of appeal should have been excused because of unusual circumstances beyond his control. [DS 11 (¶ 3)] This Court's notice of proposed summary disposition proposed to affirm the district court's order. [CN 4] In response, Defendant has filed a memorandum in opposition to that proposal. Having considered that memorandum, we are unpersuaded and now affirm.

{2}     The order that Defendant seeks to appeal was filed on January 12, 2015. [RP 40] Defendant asserts that neither he nor his counsel was aware of the entry of that order until March 3, 2015. [MIO 3] At that point, Defendant had only ten days in which to file a motion seeking an extension of time to file his notice of appeal. *See* Rule 12-201(A)(2), (E)(1)-(4) NMRA (allowing thirty days to file a notice of appeal and an additional thirty days in which to request an extension). Such a motion could have been granted on the basis of mere excusable neglect. Rule 12-201(E)(3). Rather than filing a motion for extension within the prescribed time, however, Defendant waited an additional forty-eight days after becoming aware of the January 12, 2015, order to file the motion pursuant to *Trujillo v. Serrano*, 1994-NMSC-024, ¶ 19, 117 N.M. 273, 871 P.2d 369, which allows the late filing of a notice of appeal only in "the most unusual circumstances beyond the control of the parties[.]"

**{3}** Because a motion seeking an extension would have been timely if filed within ten days of March 3, 2015, *see* Rule 12-201(E)(1), our calendar notice proposed to hold that the untimeliness of Defendant's notice of appeal did not result from unusual circumstances beyond his control. [CN 3-4] Defendant's memorandum in opposition suggests that this Court should now adopt a "discovery rule" that would allow the deadline for him to have filed his notice to be calculated from March 3, when he asserts that his counsel first learned of the district court's final order in this case. [MIO 9]

**{4}** In support, Defendant cites to the long line of cases holding that a cause of action does not generally accrue for statute of limitation purposes until a plaintiff "discovers, or reasonably should discover, the essential facts of his or her cause of action." *Cummings v. X-Ray Assocs. of N.M., P.C.*, 1996-NMSC-035, ¶ 47, 121 N.M. 821, 918 P.2d 1321. It does not appear that Defendant sought the application of a discovery rule below, however, and the record does not contain any factual findings regarding when the district court's final order should reasonably have been discovered. Further, Defendant does not cite to any authority in which a discovery rule has been grafted onto any jurisdiction's Rules of Appellate Procedure.

**{5}** It would appear that, being unable to satisfy the unusual-circumstances standard, Defendant would simply like to try meeting a different standard. Being

unaware of any authority from any jurisdiction that would justify applying the standard of "reasonable discovery" to the Rules of Appellate Procedure, we decline Defendant's invitation to import that rule into the circumstances of this appeal. The district court's order denying Defendant's motion for an extension of time in which to file a notice of appeal is affirmed.

{6}     **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**TIMOTHY L. GARCIA, Judge**


_____
**STEPHEN G. FRENCH, Judge**