This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**SANTIAGO MELENDREZ, JR.,**

**Worker-Appellant,**

**v.**                                                                    **No. A-1-CA-36797**

**PATTERSON-UTI and LIBERTY**
**MUTUAL INSURANCE, CO.,**

**Employer/Insurer-Appellees.**

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Reginald C. Woodward, Workers' Compensation Judge**

Glen L. Houston
Hobbs, NM

for Appellant

Miller Stratvert P.A.
Timothy R. Briggs
Max A . Jones
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**HANISEE, Judge**.

{1}    Worker Santiago Melendrez, Jr. appeals from an order denying his motions for reconsideration. [RP 101-02] Unpersuaded by Worker's docketing statement, we entered a notice of proposed summary disposition, proposing to affirm. Worker has filed a memorandum in opposition (MIO) to our notice, and Employer/Insurer has filed a memorandum in support. Having considered the parties' responses, we affirm.

{2}    In his docketing statement, Worker articulated four issues, all of which challenged the underlying proceedings and the final judgment entered on July 17, 2017. [DS 7] This Court's notice declined to address his issues on the basis that Worker failed to file a timely notice of appeal and those issues were not the proper subject of this appeal. *See* Rule 12-201(A)(b) NMRA (requiring that a notice of appeal be filed within thirty days from the date that the judgment or order appealed from has been filed in the district court); *Trujillo v. Serrano*, 1994-NMSC-024, ¶ 14, 117 N.M. 273, 871 P.2d 369 (holding that the timely filing of the notice of appeal is a mandatory precondition to our exercise of jurisdiction to hear an appeal); *Century Bank v. Hymans*, 1995-NMCA-095, ¶ 10 n. 1, 120 N.M. 684, 905 P.2d 722 (explaining that where the notice of appeal is not timely filed with respect to the underlying judgment, "the only appealable order will be the order resolving the motion under Rule 1-060 [NMRA]; the original judgment cannot be the subject of the appeal"). Worker did, however, file a timely notice of appeal with respect to the order denying his motions

for reconsideration. Relative to those motions, we proposed to conclude that the district court appropriately denied them, since the motions did not explain how Worker was entitled to relief under Rule 1-060(B).

{3}     In response, Worker sets forth the factual background of this case [MIO 4-10] and makes various arguments, which all relate to the final judgment entered by the WCJ and the proceedings leading up to it. [MIO 10-14] However, as this Court's notice explained, those issues are not the proper subject of this appeal. Additionally, Worker fails to explain how this Court's notice was incorrect with respect to the denial of his motions for reconsideration. Specifically, Worker's response does not address how he was entitled to relief under Rule 1-060(B). "[I]n summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683. In this case, Worker has failed to meet that burden.

{4}     Worker's response also points out that the Court's notice erroneously refers to the district court rather than the Workers's Compensation judge (WCJ) when referring to a ruling made in this case. [MIO 3] This was an oversight in drafting the notice, and from context, it was clear that the Court was referring to a ruling of the WCJ. Ultimately, this oversight has no material effect on this Court's proposed disposition.

**{5}** In sum, Worker's MIO does not supply any new legal or factual argument that persuades us that our analysis or proposed disposition was incorrect. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Accordingly, for the reasons set forth in our notice of proposed disposition and in this opinion, we affirm.

**{6}** **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**


**WE CONCUR:**


_____
**LINDA M. VANZI, Chief Judge**


_____
**EMIL J. KIEHNE, Judge**