2006-NMCA-076

137 P.3d 679

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Aaron UPCHURCH, Defendant–Appellee.**

**No. 26,436.**

Court of Appeals of New Mexico.

May 4, 2006.

Certiorari Denied, No. 29,800,
June 21, 2006.

Patricia A. Madrid, Attorney General, M. Anne Kelly, Assistant Attorney General, Santa Fe, NM, for Appellant.

John Bigelow, Chief Public Defender, Ruth Wheeler, Assistant Appellant Defender, Aztec, NM, for Appellee.

**OPINION**

FRY, Judge.

{1} The State seeks to appeal the district court order granting Defendant's motion to dismiss for violation of his speedy trial rights. We issued a notice of proposed disposition proposing to dismiss for an untimely appeal. The State has responded to our notice. Having considered the State's arguments, we are unpersuaded and dismiss.

{2} The State does not dispute that it filed a notice of appeal one day after the time for doing so had expired and that it failed to seek an extension in which to file its appeal. *See* Rule 12–201(A)(2) NMRA. The State recognizes that a timely appeal is a mandatory precondition to the exercise of our appellate jurisdiction and asks us to exercise our discretion to consider the merits of its appeal. *See Trujillo v. Serrano,* 117 N.M. 273, 277, 871 P.2d 369, 373 (1994). As grounds for exercising our discretion to accept the appeal, the State argues that it is an aggrieved party with an absolute right to one appeal, we routinely excuse the untimely appeals of criminal defendants, and the untimeliness

**740**

was inadvertent and does not prejudice Defendant. We are not persuaded.

■ {3} In support of its argument that it is an aggrieved party with an absolute right to one appeal of a disposition contrary to law, the State refers us to *State v. Ahasteen,* 1998–NMCA–158, ¶ 9, 126 N.M. 238, 968 P.2d 328. In *Ahasteen,* we analyzed the State's right to appeal in the context of the practical finality of the order from it sought to appeal, not the timeliness of the State's appeal. *See* 1998–NMCA–158, ¶¶ 10–20, 126 N.M. 238, 968 P.2d 328. In that case, we determined that denying the State the right to appeal a district court order remanding the case to magistrate court, an order that acted as a dismissal, would effectively deny the State the right to appeal a disposition that was contrary to law. *Id.* ¶¶ 17–20. Although the State is an "aggrieved party" from the district court order dismissing its case against Defendant within the meaning of the New Mexico Constitution, an aggrieved party with the right to appeal must exercise that right within the confines of the Rules of Appellate Procedure.

■ {4} We do, as the State contends, routinely excuse untimely appeals of represented criminal defendants and parents whose parental rights have been terminated, presuming the ineffective assistance of counsel. *See State v. Duran,* 105 N.M. 231, 232, 731 P.2d 374, 375 (Ct.App.1986) (holding that there is a conclusive presumption of ineffective assistance of counsel where notice of appeal is not filed within the time limit required); *see also State ex rel. Children, Youth & Families Dep't v. Ruth Anne E.,* 1999–NMCA–035, ¶ 10, 126 N.M. 670, 974 P.2d 164 (extending the conclusive presumption established in *Duran* to the fundamental liberty interests implicated where parental rights are terminated). *But see State v. Peppers,* 110 N.M. 393, 399, 796 P.2d 614, 620 (Ct.App.1990) (refusing to extend the conclusive presumption adopted in *Duran* to appeals from guilty or no contest pleas). We

do not extend the presumption to the State, however, because it does not possess the constitutional right of an accused to the effective assistance of counsel.

■ {5} Without presuming the ineffective assistance of counsel and in the absence of exceptional circumstances, we rigidly enforce the mandatory time limits for filing the notice of appeal. *See In re Estate of Newalla,* 114 N.M. 290, 296, 837 P.2d 1373, 1379 (Ct.App.1992) (stating that "[o]ne such exceptional circumstance might be reasonable reliance on a precedent indicating that the order not timely appealed was not a final, appealable order"); *Trujillo,* 117 N.M. at 278, 871 P.2d at 374 (holding that exceptional circumstances include those beyond the control of the parties, such as errors on the part of the court). Contrary to the State's argument, we do not consider whether the opposing party was prejudiced by the delay resulting from an untimely appeal. Further, inadvertence on the part of the State's counsel does not constitute exceptional circumstances. Because there is no indication that unusual circumstances justify our discretion to entertain this untimely appeal, we do not overlook this grave procedural defect.

**CONCLUSION**

{6} For these reasons and those set forth in our notice of proposed disposition, we dismiss the State's appeal.

{7} **IT IS SO ORDERED.**

WE CONCUR: MICHAEL D. BUSTAMANTE, Chief Judge and JAMES J. WECHSLER, Judge.