This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**INARA CEDRINS,**

    Plaintiff-Appellant,

v.                                        **NO. 29,967**

**CITY OF ALBUQUERQUE**
**POLICE DEPARTMENT,**

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Geraldine E. Rivera, District Judge**

Inara Cedrins
Cerrillos, NM

for Appellant

Robles, Rael & Anaya, P.C.
Erika Anderson
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**FRY, Chief Judge.**

Plaintiff appeals, pro se, from the district court's order dismissing her complaint with prejudice, because she refused to amend her complaint to more specifically articulate a cause of action and did not appear at the hearing dismissing Plaintiff's

complaint with prejudice. We issued a notice of proposed summary disposition, proposing to dismiss for an untimely appeal. Plaintiff has responded to our notice with an "objection," but does not address our proposed analysis. Plaintiff requests an extension to research her cause of action against the police department and for appointment of counsel. [MIO 2] It is not clear to what extension she refers and on what authority we may grant it on appeal, particularly where the appeal is untimely. *See Clayton v. Trotter*, 110 N.M. 369, 373, 796 P.2d 262, 266 (Ct. App. 1990) (stating that the appellate court will review pro se arguments to the best of its ability, but cannot respond to unintelligible arguments). Also, Plaintiff is not entitled to the right of counsel in civil cases. *See State v. Upchurch*, 2006-NMCA-076, ¶ 4, 139 N.M. 739, 137 P.3d 679 (observing that the constitutional right to the effective assistance of counsel belongs to the accused in a criminal proceeding). Unpersuaded that we may grant Plaintiff the relief she seeks, we dismiss.

**Untimely Notice of Appeal**

To properly invoke this Court's jurisdiction, a party must comply with the appellate rules governing the time and place in which to file the notice of appeal. *See Govich v. N. Am. Sys., Inc.*, 112 N.M. 226, 230, 814 P.2d 94, 98 (1991); *see also Trujillo v. Serrano*, 117 N.M. 273, 276-78, 871 P.2d 369, 372-74 (1994) (establishing that the timely filing of a notice of appeal is a mandatory precondition to our exercise

of jurisdiction to hear an appeal). Rule 12-201(A)(2) NMRA requires the appellant to file a notice of appeal in the district court clerk's office within thirty days of the district court's entry of its final judgment. Pro se litigants must comply with the rules and orders of the court and will not be treated differently than litigants with counsel. *See Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84.

In the present case, the district court entered an order dismissing Plaintiff's complaint with prejudice on September 25, 2009. [RP 47] Plaintiff filed a notice of appeal in district court on November 13, 2009, nineteen days after the time for doing so had expired. [RP 51] Plaintiff has not filed any post-judgment motion that would extend the time for filing the notice of appeal nor did she request an extension in which to file the appeal.

Only in exceptional circumstances beyond the control of the parties will we entertain an untimely appeal. *See In re Estate of Newalla*, 114 N.M. 290, 296, 837 P.2d 1373, 1379 (Ct. App. 1992) (stating that "[o]ne such exceptional circumstance might be reasonable reliance on a precedent indicating that the order not timely appealed was not a final, appealable order"); *see also Trujillo*, 117 N.M. at 278, 871 P.2d at 374 (holding that exceptional circumstances are those beyond the control of the parties, such as delay caused by judicial error). "Because there is no indication that

unusual circumstances justify our discretion to entertain this untimely appeal, we do not overlook this grave procedural defect." *Upchurch*, 2006-NMCA-076, ¶ 5.

Accordingly, we dismiss Plaintiff's untimely appeal.

**IT IS SO ORDERED.**

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

**CELIA FOY CASTILLO, Judge**

**RODERICK T. KENNEDY, Judge**