This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

**v.**                                                                                   **No. 30,321**

**KEITH RUSSELL JUDD,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Neil C. Candelaria, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Keith Russell Judd
Texarkana, TX

Pro Se Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Defendant, pro se, appeals from the district court's order denying his amended motion to vacate dismissal and set the case for trial. We issued a notice of proposed summary disposition, proposing to dismiss for lack of a timely and properly filed

notice of appeal. Defendant has responded to our notice with "objections to proposed summary disposition." We have considered Defendant's response and remain unpersuaded to accept the appeal as timely filed. We, therefore, dismiss.

To properly invoke this Court's jurisdiction, a party must comply with the appellate rules governing the time and place in which to file the notice of appeal. *See Govich v. North Am. Sys., Inc.*, 112 N.M. 226, 230, 814 P.2d 94, 98 (1991); *see also Trujillo v. Serrano*, 117 N.M. 273, 277-78, 871 P.2d 369, 373-74 (1994) (establishing that the timely filing of a notice of appeal is a mandatory precondition to the exercise of jurisdiction to hear an appeal). Our Supreme Court has established that our jurisdiction is not properly exercised where an appellant does not properly file a notice of appeal with the clerk of the district court within thirty days of the final order as provided by Rules 12-202(A) NMRA and 12-201(A)(2) NMRA. *See Lowe v. Bloom*, 110 N.M. 555, 555, 798 P.2d 156, 156 (1990).

As we stated in our notice, Defendant seeks to appeal from the district court's order denying his motion to vacate dismissal, which was entered on March 9, 2010. [Supp. RP 393] Defendant submitted a notice of appeal in this Court on March 22, 2010. [Ct. App. file] There is no indication that Defendant has filed a notice of appeal in district court, contrary to his obligation under Rule 12-202(A) ("An appeal

permitted by law as of right from the district court shall be taken by filing a notice of appeal with the district court clerk within the time allowed by Rule 12-201.").

We routinely excuse the untimely and improperly filed notices of appeal in criminal appeals we receive from <u>represented</u> criminal defendants, by presuming the ineffective assistance of counsel. *See State v. Duran*, 105 N.M. 231, 232, 731 P.2d 374, 375 (Ct. App. 1986); *see also State v. Upchurch*, 2006-NMCA-076, ¶ 4, 139 N.M. 739, 137 P.3d 679 ("We do . . . routinely excuse untimely appeals of represented criminal defendants and parents whose parental rights have been terminated, presuming the ineffective assistance of counsel."). We do not, however, extend the *Duran* presumption to appeals that are taken by parties without counsel. *Cf. State v. Peppers*, 110 N.M. 393, 399, 796 P.2d 614, 620 (Ct. App. 1990) (refusing to extend the conclusive presumption adopted in *Duran* to appeals from guilty or no contest pleas).

Without presuming the ineffective assistance of counsel, we treat Defendant's appeal as we would any other untimely and improper appeal, and we note that only in exceptional circumstances beyond the control of the parties will we entertain an untimely appeal. *See In re Estate of Newalla*, 114 N.M. 290, 296, 837 P.2d 1373, 1379 (Ct. App. 1992) (stating that "[o]ne such exceptional circumstance might be reasonable reliance on a precedent indicating that the order not timely appealed was

not a final, appealable order"); *see also Trujillo*, 117 N.M. at 278, 871 P.2d at 374 (holding that exceptional circumstances are those beyond the control of the parties, such as delay caused by judicial error). Ignorance of the procedural rules is not an unusual circumstance.

Without any indication that this case presents unusual or exceptional circumstances that would justify deviation from our mandatory and rigidly enforceable procedural rules, we proposed to hold that Defendant failed to properly and timely file a notice of appeal in district court. Accordingly, we proposed to dismiss.

We also noted that Defendant has filed an appeal in this Court raising the same contentions. [RP 350-52, 386-88] In that appeal, we explained to Defendant that he was not aggrieved by the district court's order denying his motion. [Id.] "Under the law-of-the-case doctrine, if an appellate court has considered and passed upon a question of law and remanded the case for further proceedings, the legal question so resolved will not be determined in a different manner on a subsequent appeal." *State v. Breit*, 1996-NMSC-067, ¶ 10, 122 N.M. 655, 930 P.2d 792 (alteration omitted) (internal quotation marks and citation omitted). We cautioned Defendant that as a pro se litigant he "is held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar." *Newsome v. Farer*, 103 N.M. 415,

419, 708 P.2d 327, 331 (1985). Under this standard, we warned Defendant that filing appeals in this Court that have already been decided by this Court may result in sanctions.

In response to our notice, Defendant asks this Court to adopt the prison filing mailbox rule. [MIO 1] He contends that because the proof of filing contained in the notice of appeal indicates he mailed it to the district court on March 17, 2010, we should presume that delivery was made and accept the notice of appeal as timely filed. [Id.]

The so-called prison filing mailbox rule that Defendant asks us to adopt is a provision in Rule 4 of the Federal Rules of Appellate Procedure. We are not persuaded to adopt a federal rule in order to accept a notice of appeal as timely, particularly where there is no right of appeal. As we have stated, Defendant was not aggrieved by the order refusing to vacate dismissal and we have already made this determination in a previous appeal. As a result, we dismiss.

Defendant asserts a new argument in his response to our notice. He contends that he was denied effective assistance of counsel in the prior appeal where we decided that Defendant was not aggrieved and had no right to appeal. [MIO 2-3] If Defendant was displeased with the result of the previous appeal, then he should have

appealed to the New Mexico Supreme Court. His ineffective assistance of appellate counsel claim is not properly raised in this appeal.

Lastly, we note that Defendant has filed a "supplemental brief in support of objections to proposed summary disposition" and attached his amended motion to vacate dismissal and set the case for public trial by jury and the district court order that denied the motion. [Ct. App. File] Defendant has filed an appeal from this new order, and we will not consider these filings as part of this appeal. Because Defendant sought the same relief in the amended motion, we remind Defendant that he is not considered an aggrieved party with the right to appeal, where the charges against him have been dismissed. Defendant's continued filing of appeals in this Court that have already been decided by this Court is highly improper and a waste of limited judicial resources. We warn Defendant again that we may impose sanctions for this repeated conduct.

For the reasons stated in this opinion and in our notice, we dismiss.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

6

_____

**ROBERT E. ROBLES, Judge**