This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**INARA CEDRINS,**

    Plaintiff-Appellant,

v.                            **NO. 31,435**

**RICHARD SHAPIRO,**

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Barbara J. Vigil, District Judge**

Inara Cedrins
Chicago, IL

Pro Se Appellant

Richard Shapiro
Santa Fe, NM

Pro Se Appellee

## MEMORANDUM OPINION

**WECHSLER, Judge.**

    Plaintiff appeals from the district court's order dismissing her claims and entering judgment in favor of Defendant. We issued a notice of proposed summary

disposition proposing to dismiss this case because Plaintiff failed to timely file a notice of appeal. Plaintiff has responded with a memorandum in opposition to our proposed disposition, which we have duly considered. We remain unpersuaded, and we therefore dismiss this appeal.

To properly invoke this Court's jurisdiction, a party must comply with the appellate rules governing the time and place in which to file the notice of appeal. *See Govich v. North Am. Sys., Inc.*, 112 N.M. 226, 230, 814 P.2d 94, 98 (1991); *see also Trujillo v. Serrano*, 117 N.M. 273, 277-78, 871 P.2d 369, 373-74 (1994) (establishing that the timely filing of a notice of appeal is a mandatory precondition to our exercise of jurisdiction to hear an appeal); Rule 12-201(A)(2) NMRA requires the appellant to file a notice of appeal in the district court clerk's office within thirty days of the district court's entry of its final judgment. Pro se litigants must comply with the rules and orders of the court and will not be treated differently from litigants with counsel. *See Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84.

In this case, on September 14, 2009, Plaintiff filed a lawsuit for legal malpractice against Defendant. [RP 1] Defendant filed a motion to dismiss on the grounds that the claims Plaintiff made in her complaint had already been litigated in a prior lawsuit. [RP 12-14] Defendant also filed a counterclaim for abuse of process and intentional infliction of emotional distress. [RP 18-21] On January 5, 2010, the

district court made an oral ruling that it would dismiss Plaintiff's lawsuit on res judicata grounds. [RP 55] There was no ruling at that time on Defendant's counterclaims.

On January 6, 2010, Plaintiff filed a notice of appeal. [RP 50] Plaintiff then filed a docketing statement in this Court asking for review of the district court's decision to dismiss her lawsuit. [RP 53-58] On March 5, 2010, the district court entered an order dismissing Plaintiff's claims. [RP 116] Then, on April 21, 2010, the district court entered judgment on Defendant's counterclaims. [RP 125] On May 17, 2010, this Court dismissed Plaintiff's appeal for lack of a final order. [RP 141] This Court noted that, even though the district court appeared to have entered a final judgment at that point, Defendant's premature notice of appeal filed on January 6, 2010, did not meet the requirements to make it treated as timely under Rule 12-201(A)(2), because there was no indication that the district court's January 5, 2010 oral ruling announced a verdict on Defendant's counterclaims.

We note that there were proceedings in the district court after entry of the final judgment on April 21, 2010. On June 29, 2010, the district court issued an order to show cause against Plaintiff and held her in contempt for violating a prior court order. [RP 157] On September 9, 2010, Plaintiff filed a motion to disqualify the judge. [RP 171] On March 7, 2011, the judge denied Plaintiff's motion to disqualify her. [RP

189] On March 30, 2011, Plaintiff filed objections to the order on the motion to disqualify. [RP 191] Finally, on July 25, 2011, Plaintiff filed a notice of appeal. [RP 205] However, neither the district court's order to show cause nor Plaintiff's motion to disqualify the judge qualify as a post-judgment motion that would extend the time for filing a notice of appeal from a final order. *See* Rule 12-201(D) (discussing post-trial motions that extend the time for filing notice of appeal).

Accordingly, it appears that the final order in this case was entered on April 21, 2010. [RP 125] Plaintiff then had thirty days from the date of entry of that order in which to file the notice of appeal. *See* Rule 12-201(A)(2). Since Plaintiff did not file a notice of appeal until July 25, 2011, the notice of appeal is over a year late. Only in exceptional circumstances beyond the control of the parties will we entertain an untimely appeal. *See In re Estate of Newalla*, 114 N.M. 290, 296, 837 P.2d 1373, 1379 (Ct. App. 1992) (stating that "[o]ne such exceptional circumstance might be reasonable reliance on a precedent indicating that the order not timely appealed was not a final, appealable order"); *see also Trujillo*, 117 N.M. at 278, 871 P.2d at 374 (holding that exceptional circumstances are those beyond the control of the parties, such as delay caused by judicial error).

In her memorandum in opposition, Plaintiff asserts that exceptional circumstances existed to excuse the late filing in this case. Specifically, Plaintiff

states that she did not receive copies of certain orders and filings below and that she had no reason to believe that there had been a final order entered in this case because the judge continued to enter orders in this case until March of 2011. [MIO 1-3] We disagree that this constitutes exceptional circumstances. We see no indication of any delay caused by judicial error in this case that would excuse Plaintiff filing the notice of appeal over a year late. Although Plaintiff claims that she did not receive a copy of the district court's final order, we note that Plaintiff received and responded to other notices and orders filed in the case. [RP 114, 134] *See* Rule 12-201(E) (governing other extensions of time for filing a notice of appeal); *see also Bruce*, 1999-NMCA-051, ¶ 4 (stating that pro se litigants must comply with the rules and orders of the court and will not be treated differently than litigants with counsel); *Newsome v. Farer*, 103 N.M. 415, 419, 708 P.2d 327, 331 (1985) ("Although pro se pleadings are viewed with tolerance, a pro se litigant, having chosen to represent himself, is held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar." (citation omitted)).

We also note that the district court continued to enter orders in this case after entering final judgment because Plaintiff continued to file motions and violate court orders even after final judgment was entered. [RP 171] Accordingly, the district court entered an order to show cause and an order denying Plaintiff's motion for

disqualification. [RP 157, 189]  However, we do not believe that this would in any way excuse Plaintiff's failure to timely file the notice of appeal from the final judgment, and Plaintiff cites to no such authority.  *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that where a party cites no authority to support an argument, we may assume no such authority exists).  For these reasons, we dismiss the appeal.  *See State v. Upchurch*, 2006-NMCA-076, ¶ 5, 139 N.M. 739, 137 P.3d 679 ("Because there is no indication that unusual circumstances justify our discretion to entertain this untimely appeal, we do not overlook this grave procedural defect.").

**IT IS SO ORDERED**.

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**J. MILES HANISEE, Judge**