This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**INARA CEDRINS,**

     Plaintiff-Appellant,

v.                             **NO.  31,407**

**RAMESH KUMAR SHRESTHA,**

     Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Valerie Mackie Huling, District Judge**

Inara Cedrins
Chicago, IL

Pro Se Appellant

Ramesh Kumar Shrestha
Albuquerque, NM

Pro Se Appellee

**MEMORANDUM OPINION**

**FRY, Judge.**

Plaintiff, pro se, appeals from the district court's order of dismissal. We issued a notice of proposed summary disposition proposing to dismiss based on a late notice of appeal. Plaintiff has responded with a timely memorandum in opposition, which we have duly considered. We remain unpersuaded, and we therefore affirm.

To properly invoke this Court's jurisdiction, a party must comply with the appellate rules governing the time and place in which to file the notice of appeal. *See Govich v. N. Am. Sys., Inc.*, 112 N.M. 226, 230, 814 P.2d 94, 98 (1991); *see also Trujillo v. Serrano*, 117 N.M. 273, 277-78, 871 P.2d 369, 373-74 (1994) (establishing that the timely filing of a notice of appeal is a mandatory precondition to our exercise of jurisdiction to hear an appeal). Rule 12-201(A)(2) NMRA requires the appellant to file a notice of appeal in the district court clerk's office within thirty days of the district court's entry of its final judgment. Pro se litigants must comply with the rules and orders of the court and will not be treated differently than litigants with counsel. *See Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84.

In this case, the district court entered its final order of dismissal on June 1, 2011. [RP 111] Plaintiff then had thirty days from the date of entry of that order in which to file the notice of appeal. *See* Rule 12-201(A)(2). Plaintiff did not file the notice of appeal until July 6, 2011. [RP 118] The notice of appeal is therefore not timely. Only in exceptional circumstances beyond the control of the parties will we entertain an untimely appeal. *See In re Estate of Newalla*, 114 N.M. 290, 296, 837 P.2d 1373, 1379 (Ct. App. 1992) (stating that "[o]ne such exceptional circumstance might be reasonable reliance on a precedent indicating that the order not timely appealed was not a final, appealable order"); *see also Trujillo*, 117 N.M. at 278, 871

2

P.2d at 374 (holding that exceptional circumstances are those beyond the control of the parties, such as delay caused by judicial error).

In her memorandum in opposition, Plaintiff asserts that the appeal was timely filed on June 29, 2011. [MIO 1] Plaintiff refers to two motions that she filed in this Court on that date asking this Court to add a party and to substitute the district court judge. However, we do not believe that the fact that Plaintiff filed unrelated motions in this Court within the time frame for filing the notice of appeal relieved her of her obligation to timely file a notice of appeal in accordance with the rules of procedure. We therefore dismiss this appeal. *See State v. Upchurch*, 2006-NMCA-076, ¶ 5, 139 N.M. 739, 137 P.3d 679 ("Because there is no indication that unusual circumstances justify our discretion to entertain this untimely appeal, we do not overlook this grave procedural defect."). Additionally, Plaintiff's motion to substitute the district court judge, which was held in abeyance pending a decision on appeal, is denied.

**IT IS SO ORDERED**.

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**


_____

**MICHAEL E. VIGIL, Judge**