This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**DAVID DERRINGER,**

    Plaintiff-Appellant,

v.                                                                          **NO.   32,042**

**KATHERINE GRAVE and**
**D. PATRICK SWEENEY,**

    Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Valerie Mackie-Huling, District Judge**

David Derringer
Albuquerque, NM

Pro Se Appellant

Lewis & Roca, LLP
Jason C. Bousliman
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

In this appeal, David Derringer challenges the district court's order granting D. Patrick Sweeney's motion to dismiss for lack of personal jurisdiction. Derringer also attempts to appeal the order partially granting Katherine Grave's motion to dismiss all claims concerning the property outside of New Mexico. [RP 267; DS 3] We issued a notice of proposed summary disposition, proposing to dismiss Derringer's appeal from the district court's order granting Sweeney's motion to dismiss for untimeliness and proposing to dismiss Derringer's appeal from the district court's order granting partial dismissal in favor of Grave for lack of finality. Derringer has filed a response to our notice. We have considered Derringer's response and remain persuaded that dismissal is appropriate on the grounds stated in our notice.

**I.      Untimely Appeal From Order Granting Sweeney's Motion to Dismiss for Lack of Personal Jurisdiction**

As we stated in our notice, the district court entered an order granting Sweeney's motion to dismiss for lack of personal jurisdiction on January 11, 2012. [RP 250] Derringer filed a notice of appeal in district court on February 16, 2012, six days after the time for doing so had expired. [RP 267] *See* Rule 12-201(A)(2) NMRA. Our notice observed that Derringer did not argue to this Court that we should excuse the untimeliness of his notice of appeal and did not even acknowledge its untimeliness. Without argument that unusual circumstances exist, we proposed to

hold that there were no grounds to justify the exercise of "our discretion to entertain this untimely appeal, [and, therefore,] we [would] not overlook this grave procedural defect." *State v. Upchurch*, 2006-NMCA-076, ¶ 5, 139 N.M. 739, 137 P.3d 679. Nevertheless, we invited Derringer to respond to our notice with any applicable representation that there was an unexpected delay in the delivery of the notice of appeal that constitutes an unusual circumstance beyond his control. In that case, we informed him that we would consider remanding for a hearing in district court to enter findings and determine whether the untimely filing constituted excusable neglect. *Cf.* Rule 12-201(E)(2) ("After the time has expired for filing a notice of appeal, upon a showing of excusable neglect or circumstances beyond the control of the appellant, the district court may extend the time for filing a notice of appeal by any party for a period not to exceed thirty (30) days from the expiration of time otherwise provided by this rule[.]").

In response to our notice, Derringer has made no such representation. Rather, he maintains that neither the district court nor Grave's or Sweeney's attorney timely delivered him a copy of the order from which he seeks to appeal. [MIO unpaginated 1-3] This representation is not supported by the record. *Cf. State v. Calanche*, 91 N.M. 390, 392, 574 P.2d 1018, 1020 (Ct. App. 1978) (stating that factual recitations in the docketing statement are accepted as true unless the record on appeal shows

otherwise). Derringer's notice of appeal certifies that he mailed a copy of the notice of appeal on February 7, 2012, within thirty days of the final order and acknowledged that the district court's order was entered. [RP 267] Nothing in the record, and particularly the notice of appeal, mentions that he did not timely receive notice of the order's entry. It is inconsistent to certify that the notice of appeal was sent within the time for filing it, but later maintain that he did not receive notice that the order was entered in a timely manner that would allow him to file a timely notice of appeal. If Derringer's assertion was true, he should have complained about this to the district court and sought an extension of time to file the notice of appeal if needed. *See* Rule 12-201(E)(2). The district court had the information and ability to address the alleged mistake. Because Derringer failed to bring this matter to the attention of the district court, it is not a matter of record and cannot be raised for the first time on appeal. *See State v. Reynolds*, 111 N.M. 263, 267, 804 P.2d 1082, 1086 (Ct. App. 1990) ("Matters outside the record present no issue for review.").

**II.     Order Granting Partial Dismissal in Favor of Grave is Non-Final**

In our notice, we proposed to hold that the district court's order granting Grave's motion to dismiss Derringer's allegations that do not "specifically referenc[e] livestock that are or were once located in the State of New Mexico[,]" [RP 276] is non-final because it is not an order that disposes of the case to the fullest extent

4

possible. *See Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 236, 824 P.2d 1033, 1038 (1992).

We noted, however, that "when more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim[,] or third-party claim, the court may enter a final judgment as to one or more but fewer than all of the claims only upon an express determination that there is no just reason for delay." Rule 1-054(B)(1) NMRA. Because the district court's order partially granting Grave's motion to dismiss does not include the certification language required under Rule 1-054(B)(1), the order is not thereby rendered final and appealable. [RP 593] *See* Rule 1-054(B)(1) (requiring the district court to finalize one, but fewer than all, of the claims upon a certification that "there is no just reason for delay").

In response to our order, Derringer asserts that the district court "did dismiss certain claims as 'final' as [to] one or more claims brought in the [c]omplaint," but does not refer us to any new information or authority to support his assertion. [MIO unpaginated 4] We are not persuaded.

For the reasons stated above and in our notice, we dismiss Derringer's appeal, dismissing his appeal from the district court's order granting Sweeney's motion to dismiss for untimeliness, and dismissing his appeal from the district court's order granting partial dismissal in favor of Grave for lack of finality.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**TIMOTHY L. GARCIA, Judge**

_____
**J. MILES HANISEE, Judge**