This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**TERRY GAFFNEY,**

Plaintiff-Appellant,

v.                                                            **NO. 34,152**

**ROBIN HOOD WATER USERS
ASSOCIATION, INC.,**

Defendant-Appellee,

and

**JACK R. SHIREY, SECRETARY
TREASURER/RECORDS CUSTODIAN,
PRESTON STEVENS, PRESIDENT,
FRED LINDT, VICE PRESIDENT,
BOB BOLTON, DIRECTOR,
ED ARMSTRONG, DIRECTOR,
JACK LEEAH, DIRECTOR,**

Real Parties in Interest.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY
Jerry H. Ritter Jr., District Judge**

Terry Gaffney
High Rolls, NM

Pro Se Appellant

John D. Wheeler & Associates
Arslan S. Umarov
Alamogordo, NM

for Appellee

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}     Appellant, Terry Gaffney, appeals from the district court's order granting summary judgment in favor of Defendant. We issued a notice of proposed summary disposition proposing to dismiss due to a late notice of appeal. Appellant has responded with a timely memorandum in opposition. We have considered the arguments made in the memorandum in opposition as well as the district court's factual findings regarding the reason the notice of appeal was not timely filed. We remain unpersuaded that our initial proposed summary disposition was incorrect, and we therefore dismiss this appeal.

**DISCUSSION**

{2}     Appellant's notice of appeal was not timely filed. To properly invoke this Court's jurisdiction, a party must comply with the appellate rules governing the time and place in which to file the notice of appeal. *See Govich v. North Am. Sys., Inc*., 1991-NMSC-061, ¶ 12, 112 N.M. 226, 814 P.2d 94; *see also Trujillo v. Serrano*, 1994-NMSC-024, ¶ 14, 117 N.M. 273, 871 P.2d 369 (establishing that the timely

filing of a notice of appeal is a mandatory precondition to our exercise of jurisdiction to hear an appeal). Rule 12-201(A)(2) NMRA requires the appellant to file a notice of appeal in the district court clerk's office within thirty days of the district court's entry of its final judgment. Pro se litigants must comply with the rules and orders of the court and will not be treated differently than litigants with counsel. *See Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84.

{3}     In this case, the district court's order granting summary judgment in favor of Defendants was entered on August 26, 2014. [RP 104] Appellant therefore had thirty days in which to file a notice of appeal in district court. *See* Rule 12-201(A)(2). Since Appellant did not file a notice of appeal until September 26, 2014, the notice of appeal is one day late. [RP 110] Only in exceptional circumstances beyond the control of the parties will we entertain an untimely appeal.

{4}     In his memorandum in opposition, Appellant argues that exceptional circumstances exist to excuse the late filing because he was called to the scene of an emergency involving a broken gas line. [MIO 1] On receipt of the memorandum in opposition, we remanded this case for the district court to rule on Defendants' outstanding motion to strike the notice of appeal and for factual findings regarding the reason for the late notice of appeal. The district court's factual findings indicate that Appellant was on his way to file the notice of appeal on the day that it was due when

3

he decided to turn around just miles before the courthouse in order to help a friend with a personal construction project. The district court determined that this decision was not an exceptional or unusual circumstance but merely a matter of convenience to a friend. Appellant remained occupied with this project for the rest of the day, and therefore did not file the notice of appeal until the next day. We agree with the district court's determination that this does not constitute unusual or exceptional circumstances that would justify excusing the late notice of appeal. *See Trujillo*, 1994-NMSC-024, ¶ 16 (holding that exceptional circumstances are those beyond the control of the parties, such as delay caused by judicial error); *see also In re Estate of Newalla*, 1992-NMCA-084, ¶ 21, 114 N.M. 290, 837 P.2d 1373 (stating that "[o]ne such exceptional circumstance might be reasonable reliance on a precedent indicating that the order not timely appealed was not a final, appealable order"); *State v. Upchurch*, 2006-NMCA-076, ¶ 5, 139 N.M. 739, 137 P.3d 679 ("Because there is no indication that unusual circumstances justify our discretion to entertain this untimely appeal, we do not overlook this grave procedural defect."). As a result, we do not disagree with the district court's order striking Appellants notice of appeal or the reasoning to support its decision.

**{5}**     For these reasons, we dismiss the appeal.

**{6}**     **IT IS SO ORDERED.**

4

               _____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**JONATHAN B. SUTIN, Judge**