This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**FELICIA HALFORD,**

    Worker-Appellee,

v.                                       **NO. 35,890**

**STATE OF NEW MEXICO HUMAN RESOURCES DEPARTMENT and STATE OF NEW MEXICO RISK MANAGEMENT,**

    Employer/Insurer-Appellant.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Shanon Riley, Workers' Compensation Judge**

Peter D. White
Santa Fe, NM

for Appellee

Butt Thornton & Baehr PC
Carlos G. Martinez
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1} Employer/ Insurer appeals from the Workers' Compensation Administration's (WCA's) order awarding supplemental compensation. [RP 162, 171] This Court issued a notice of proposed disposition proposing to dismiss Employer/Insurer's appeal for lack of a timely notice of appeal. Employer/Insurer has responded with a memorandum in opposition to this Court's notice of proposed disposition, which we have duly considered. Unpersuaded, we dismiss.

{2} As we noted in this Court's notice of proposed disposition, the WCA filed its supplemental compensation order on August 19, 2016, but a notice of appeal was not filed with this Court until October 12, 2016. [CN 2] While we noted that Employer/Insurer had filed a notice of appeal with the WCA on September 8, 2016, we also pointed out that pursuant to Rule 12-601 NMRA and NMSA 1978, Section 52-5-8 (1989), a notice of appeal from a decision of the WCA must be timely filed in the Court of Appeals. [CN 3]

{3} Employer/Insurer has acknowledged in its memorandum in opposition that its notice of appeal was mistakenly filed with the WCA. [MIO 1] Employer/Insurer, however, asks this Court to exercise its discretion to consider the merits of its appeal despite this discrepancy with the place of filing. Specifically, Employer/Insurer asserts that "the error was inadvertent and resulted in no prejudice to the rights of Worker-Appellee because the notice timely notified her of Appellant's intention to appeal

within 30 days of the WCA decision at issue." [MIO 1-2] Employer/Insurer relies on our Supreme Court's stated preference for hearing appeals on their merits rather than dismissing them for technical deficiencies to support its request. [MIO 2]

**{4}** The policy to which Employer/Insurer refers is found in *Govich v. North American Systems, Inc.*,

> While we recently held that appellate rules for the time and place of filing a notice of appeal govern the proper invocation of our jurisdiction, we also have stated the policy of facilitating the right of appeal by liberally construing technical deficiencies in a notice of appeal *otherwise satisfying the time and place of filing requirements*. The constitutional mandate that "an aggrieved party shall have the absolute right to one appeal" evinces the strong policy in this state that courts should facilitate, rather than hinder, the right to one appeal. Justice Montgomery explored this concept eloquently in his dissent to *Lowe [v. Bloom*, 1990-NMSC-069, 110 N.M. 555, 798 P.2d 156]. As a matter of terminology, we properly should refer hereafter to the mandatory sections of our rules of appellate practice as "mandatory" and discard the term "jurisdictional" that has been used over time by most federal and state courts to describe a mandatory precondition to the exercise of jurisdiction. We strictly adhere to jurisdictional subject matter limits on this Court and we cannot exercise our discretion with respect to such questions. *Though we have stated in categorical terms that we cannot entertain an appeal when the notice does not satisfy the requirements for time and place of filing, what we in essence have held is simply that, with respect to the mandates for time and place of filing the notice of appeal, we decline to exercise discretion to excuse or justify any improper attempt to invoke our jurisdiction.* It is probably imprecise to say we cannot exercise such discretion.

1991-NMSC-061, ¶ 12, 112 N.M. 226, 814 P.2d 94 (emphasis added) (internal quotation marks and citations omitted)).

{5}     While it is true that our courts have a policy of exercising discretion to hear the merits of an appeal despite technical violations of our rules, we do not define failure to adhere to time and place of filing as "technical" violations. *See id.* (stating "the policy of facilitating the right of appeal by liberally construing technical deficiencies in a notice of appeal *otherwise satisfying the time and place of filing requirements*" (emphasis added)). Rather, when the deficiency with the nature of the appeal relates to the time or place of filing, these are considered a failure to properly invoke our jurisdiction—i.e., a failure to comply with the mandatory preconditions to the exercise of our jurisdiction. *See, e.g., Lowe* 1990-NMSC-069, ¶ 3 (holding that an appellant who filed a notice of appeal with the clerk of the court of appeals rather than with the clerk of the district court did not comply with the place-of-filing requirement of Paragraph A of Rule 12-202 NMRA, and therefore, this Court was without jurisdiction to consider the appeal); *cf. Trujillo v. Serrano*, 1994-NMSC-024, ¶ 14, 117 N.M. 273, 871 P.2d 369 (discussing that the filing of a timely notice of appeal is better described as a mandatory precondition to the exercise of jurisdiction rather than an absolute jurisdictional requirement). Where a party has failed to properly invoke the jurisdiction of this Court, we have placed clear limitations on when this Court will exercise its discretion to hear the merits of an otherwise improperly filed appeal. Generally, we decline to hear such cases absent unusual circumstances. *See Romero*

*v. Pueblo of Sandia*, 2003-NMCA-137, ¶ 6, 134 N.M. 553, 80 P.3d 490 (recognizing that this Court will not ordinarily entertain an appeal in the absence of a timely notice, but that unusual circumstances create an exception that "warrants permitting an untimely appeal" (alteration, internal quotation marks, and citation omitted)). However, "[o]nly the most unusual circumstances beyond the control of the parties—such as error on the part of the court—will warrant overlooking procedural defects." *See Trujillo*, 1994-NMSC-024, ¶ 19. Mistake or inadvertence of counsel does not meet this standard. *See State v. Upchurch*, 2006-NMCA-076, ¶ 5, 139 N.M. 739, 137 P.3d 679 (refusing to consider the state's argument that there was no prejudice to the opposing party resulting from the untimely appeal and concluding that the state's inadvertence did not constitute an unusual circumstance to "justify our discretion to entertain [an] untimely appeal").

**{6}** Accordingly, for the reasons discussed above and those contained in this Court's notice of proposed disposition, Employer/Insurer's appeal is dismissed

**{7}** **IT IS SO ORDERED.**

_____

**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Chief Judge**

_____

**LINDA M. VANZI, Judge**