This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**U. S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR C-BASS 2007-SP1 TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-SP1,**

Plaintiff-Appellee

v.                                                    **NO. A-1-CA-37103**

**MUKHTIAR S. KHALSA,**

Defendant-Appellant,

and

**GURNAM K. KHALSA, JPMORGAN CHASE BANK, N.A., and UNKNOWN TENANTS REAL NAMES UNKNOWN,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Raymond Z. Ortiz, District Judge**

Houser & Allison, APC
Lindsay K. Griffel
Albuquerque, NM

for Appellee

Mukhtiar S. Khalsa

Santa Cruz, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1}    Appellant Mukhtiar S. Khalsa, a self-represented litigant, appeals from two orders filed by the district court on December 29, 2017. We issued a notice of proposed summary disposition in which we proposed to dismiss. Appellant filed a timely memorandum in opposition. After due consideration, we remain unpersuaded that this matter is properly before us. We therefore dismiss.

{2}    In our calendar notice, we proposed to dismiss based on an untimely notice of appeal. [*See generally* CN] *See Govich v. N. Am. Sys., Inc.*, 1991-NMSC-061, ¶ 12, 112 N.M. 226, 814 P.2d 94 (explaining that the time and place of filing a notice of appeal is a mandatory precondition to appellate jurisdiction); *Rice v. Gonzales*, 1968-NMSC-125, ¶ 4, 79 N.M. 377, 444 P.2d 288 (stating that "an appellate court has the duty to determine whether it has jurisdiction of an appeal"). We stated that while we may exercise our discretion to consider an untimely appeal in the event of unusual circumstances beyond the control of a party, *see Trujillo v. Serrano*, 1994-NMSC-024, ¶ 15, 117 N.M. 273, 871 P.2d 369, no such circumstances appear to be present in this case. [CN 3] We explained that, to be timely, the notice of appeal should have

been filed with this Court on or before Monday, January 29, 2018; however, the notice was untimely filed on February 1, 2018. [CN 2] *See* Rule 12-201(A)(1)(b), (A)(2) NMRA (providing that a timely notice of appeal shall be filed " within thirty (30) days after the judgment or order appealed from is filed in the district court clerk's office" and the three-day mailing period set forth in Rule 12-308(B) NMRA does not apply); Rule 12-308(A)(1)(c) (providing that when the applicable time deadline is eleven days or more, "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

{3} In response, Appellant argues that his notice of appeal was timely filed [MIO 5]; even if his notice of appeal was filed late, it was late due to court error because the district court did not address his notice of specific negative averment and the district court did not allow him to review the orders before they were entered [MIO 2-3, 6]; a timely filing of a notice of appeal is not a mandatory precondition to this Court's jurisdiction over an appeal [MIO 8]; his right to an appeal should not be denied due to his own "ineffective assistance of counsel" [MIO 8]; and he has an absolute right to one appeal [MIO 8].

{4} While we agree that "an aggrieved party shall have the absolute right to one appeal," N.M. Const. art. VI, 2, we are not persuaded by Appellant's other arguments.

3

Moreover, while we recognize that our courts have a policy of exercising discretion to hear the merits of an appeal despite technical violations of our rules, we do not define failure to adhere to time and place of filing as "technical" violations. *See Govich*, 1991-NMSC-061, ¶ 12 (stating "the policy of facilitating the right of appeal by liberally construing technical deficiencies in a notice of appeal *otherwise satisfying the time and place of filing requirements*" (emphasis added)). Rather, when the deficiency with the nature of the appeal relates to the time or place of filing, these are considered a failure to properly invoke our jurisdiction—i.e., a failure to comply with the mandatory preconditions to the exercise of our jurisdiction. *See, e.g., Lowe v. Bloom*, 1990-NMSC-069, 110 N.M. 555, 798 P.2d 156 (holding that an appellant who filed a notice of appeal with the clerk of the court of appeals rather than with the clerk of the district court did not comply with the place-of-filing requirement of Rule 12-202(A), and therefore, this Court was without jurisdiction to consider the appeal); *cf. Trujillo*, 1994-NMSC-024, ¶ 14 (discussing that the filing of a timely notice of appeal is better described as a mandatory precondition to the exercise of jurisdiction rather than an absolute jurisdictional requirement).

{5}     Where a party has failed to properly invoke the jurisdiction of this Court, we have placed clear limitations on when this Court will exercise its discretion to hear the merits of an otherwise improperly filed appeal. Generally, we decline to hear such

4

cases absent unusual circumstances. *See Romero v. Pueblo of Sandia*, 2003-NMCA-137, ¶ 6, 134 N.M. 553, 80 P.3d 490 (recognizing that this Court will not ordinarily entertain an appeal in the absence of a timely notice, but that unusual circumstances create an exception that "warrants permitting an untimely appeal" (alteration, internal quotation marks, and citation omitted)). Appellant has not demonstrated that unusual circumstances exist in this case. *See Trujillo*, 1994-NMSC-024, ¶ 19 ("Only the most unusual circumstances beyond the control of the parties--such as error on the part of the court—will warrant overlooking procedural defects."); *cf. State v. Upchurch*, 2006-NMCA-076, ¶ 5, 139 N.M. 739, 137 P.3d 679 (holding that mistake or inadvertence did not constitute an unusual circumstance to "justify our discretion to entertain [an] untimely appeal").

{6} Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we dismiss.

{7} **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____
**STEPHEN G. FRENCH, Judge**

_____

**HENRY M. BOHNHOFF, Judge**