This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38637

**CITY OF ROSWELL,**

Plaintiff-Appellee,

v.

**JOHN MONAFO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**James M. Hudson, District Judge**

Office of the City Attorney
Parker William Patterson
Roswell, NM

for Appellee

John Monafo
Roswell, NM

Pro Se Appellant

## MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Defendant-Appellant John Monafo (Defendant) seeks to appeal his convictions for driving on a suspended or revoked license, lack of registration, and lack of insurance. We previously issued a notice of proposed summary disposition, proposing to dismiss on grounds that Defendant failed to timely file his notice of appeal with the district court. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore dismiss the appeal.

**{2}** As we observed in the notice of proposed summary disposition, notice of appeal must be filed with the district court within thirty days after the entry of a final order. *See* Rule 12-201(A)(2) NMRA; 12-202(A) NMRA. Because the timely filing of notice of appeal with the district court is a mandatory precondition to the exercise of jurisdiction, *see Garcia v. State*, 2010-NMSC-023, ¶ 25, 148 N.M. 414, 237 P.3d 716, we do not ordinarily entertain an appeal if the notice of appeal is filed late. *See State v. Upchurch*, 2006-NMCA-076, ¶ 5, 139 N.M. 739, 137 P.3d 679 ("[I]n the absence of exceptional circumstances, we rigidly enforce the mandatory time limits for filing the notice of appeal.").

**{3}** In this case, the final order of the district court was entered on October 15, 2019. It was therefore incumbent upon Defendant to file notice of appeal no later than November 14, 2019. *See* Rule 12-308(A)(1) NMRA (describing the computation of time, where the relevant period is eleven days or longer). We surmise that Defendant's assertion to the contrary [MIO 1] is premised upon a misapprehension of the relevant rules. *See id.* Defendant did not file his notice of appeal with the district court until November 15, 2019. As we previously observed, this was untimely; and absent a showing of extraordinary circumstances, dismissal is warranted. *See, e.g., Upchurch*, 2006-NMCA-076, ¶¶ 1-6 (dismissing an appeal filed one day late, where exceptional circumstances were not demonstrated and the presumption of ineffective assistance of counsel did not apply). There has been no suggestion of extraordinary circumstances in this case. As a consequence, we adhere to our initial assessment.

**{4}** Accordingly, for the reasons stated above and in the notice of proposed summary disposition, the appeal is dismissed.

**{5}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**KRISTINA BOGARDUS, Judge**