This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41000

KATHY MILLER, Co-Trustee of the JOSEPH
AND ALMA MILLER CONSERVATION TRUST
U/D/A OCTOBER 5, 2020; J.F. MILLER
RANCH, LLC; and J.F. MILLER SAND AND
GRAVEL, LLC,

        Plaintiffs/Counterdefendants-Appellees,

v.

MATTHEW MILLER a/k/a MATT MILLER,

        Defendant/Counterclaimant-Appellant,

and

VANESSA MATHEWS, JESSICA WESTFALL,
MELISSA WESTFALL, CHARLOTTE DAVIS,
STEVEN MARES, RACHEL MILLER, and
ROSEANNA MILLER,

        Intervenors-Appellees.

APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Francis J. Mathew, District Court Judge

VanAmberg, Rogers, Yepa, Abeita, Gomez & Wilkinson, LLP
Ronald J. VanAmberg
Santa Fe, NM

for Appellees

Law Office of Augustine M. Rodriguez, LLC
Augustine M. Rodriguez
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}**     This is an action for injunctive relief and damages brought by Kathy Miller, as trustee of the three Miller Family Trusts and Personal Representative of the Estate of Joseph F. Miller (collectively, Plaintiff), against Matthew Miller (Defendant). Kathy Miller is Defendant's sister, and Plaintiff and Defendant, along with other family members, are beneficiaries of the trusts and of the estate of their father, Joseph Miller. On appeal, Defendant challenges the district court's dismissal of his counterclaims as a sanction for Defendant's repeated failure to comply with court orders requiring him to vacate trust and estate property, as well as challenging contempt orders entered earlier in the case. We conclude that Defendant's appeal of the contempt orders is untimely; that the order dismissing Defendant's counterclaims is not a final appealable order; and that accordingly this Court does not have jurisdiction over this appeal. We, therefore, dismiss Defendant's appeal, and remand to the district court.

## BACKGROUND

**{2}**     Plaintiff filed this action in her capacity as trustee of her father's assets, and personal representative of his estate, to obtain court assistance in removing Defendant and his belongings—including large industrial equipment, dilapidated vehicles, and building materials—from the residence and surrounding ranchland that were part of the three family trusts and their father's estate. Defendant responded by filing counterclaims for breach of fiduciary duty, fraud, and undue influence, seeking to invalidate the trust instruments appointing Plaintiff as trustee and to remove Plaintiff as personal representative of their father's estate.

**{3}**     The district court, after a hearing, granted a preliminary injunction finding that Plaintiff was likely to prevail on her claims, and ordering Defendant to remove his property from the Miller Trust property and vacate the Miller Trust residence. Following the preliminary injunction, the district court issued orders over an extended period of time compelling Defendant to respond to discovery, and giving Defendant a deadline for the removal of his property from the residence and ranchland. Defendant repeatedly failed to comply with these orders and was held in contempt by the district court several times.

**{4}**     Defendant appealed to this Court during the course of these proceedings. This Court previously dismissed Defendant's first appeal for lack of a final judgment. *See* Order Dismissing Appeal as Premature and Denying Defendant's Pending Motion, *Miller v. Miller*, A-1-CA-40296 (N.M. Ct. App. July 19, 2022) (dismissing Defendant's appeal of the district court's order granting Plaintiff's motion for preliminary injunction, and order denying reconsideration of that order for lack of jurisdiction). This Court decided Defendant's second appeal from orders of contempt after determining that this

Court had jurisdiction, pursuant to NMSA 1978, Section 39-3-15(A) (1966). *See Miller v. Miller*, A-1-CA-40392, mem. op. ¶ 1 (N.M. Ct. App. Oct. 3, 2022) (nonprecedential) (affirming remedial contempt order).

## DISCUSSION

**{5}** Defendant's notice of appeal seeks review by this Court of numerous district court orders. As relevant to our jurisdictional analysis below, Defendant challenges: (1) orders for contempt (6/27/2022, 7/25/2022); and (2) the order granting Plaintiff's motion to dismiss counterclaims (1/13/2023). Defendant challenges approximately fifteen other district court orders that are plainly not final, and are outside our jurisdiction until a final order is entered. *See Carrillo v. Rostro*, 1992-NMSC-054, ¶ 59, 114 N.M. 607, 845 P.2d 130 (holding that the orders entered by the district court merge into the final judgment, "combin[ing] in one appeal all questions that effectively may be reviewed if and when a final judgment results (internal quotation marks and citation omitted)). We, therefore, do not discuss these orders.

**{6}** Although neither party has briefed the jurisdictional issues raised by this appeal, this Court is required to determine whether a case is properly before us prior to addressing the merits of the appeal. *See Thornton v. Gamble*, 1984-NMCA-093, ¶ 6, 101 N.M. 764, 688 P.2d 1268. It is the appellate court's responsibility to determine whether it has jurisdiction, "regardless of the parties' or the trial court's beliefs." *Santa Fe Pac. Tr., Inc. v. City of Albuquerque*, 2012-NMSC-028, ¶ 10, 285 P.3d 595. We conclude that this Court does not have jurisdiction on appeal. We dismiss and do not reach the merits of Defendant's appeal. We explain.

## I. The Contempt Orders

**{7}** We first address Defendant's appeal of two district court's orders of remedial contempt.[1] These orders were entered in June and July 2022. Each order found Defendant in remedial contempt for failing to comply with the district court's preliminary injunction requiring that he remove himself and his personal property from the family residence and surrounding property.

**{8}** Our Legislature has provided a right of appeal from an order of remedial contempt. *See* § 39-3-15(A). Section 39-3-15(A) provides, in relevant part, as follows: "Any person aggrieved by the judgment of the district court in any proceeding for [remedial] contempt, and any person convicted of criminal contempt . . . may appeal within thirty days from the judgment [or] conviction to the supreme court or the court of appeals, as appellate jurisdiction may be vested by law in these courts."[2] *See Kucel v.*

---

[1] Per our Supreme Court's holding in *In re Victor R. Marshall*, in this opinion we classify what was formerly "civil" contempt as "remedial," and what was formerly "criminal" contempt as "punitive" to "more accurately reflect the distinctions between the different types of contempt." 2023-NMSC-009, ¶ 23, 528 P.3d 670 (internal quotation marks omitted).

[2] We replace the current statute's use of "of" with its original text of "or," noting that *Kucel v. N.M. Med. Rev. Comm'n* clarifies that "the 1966 recompilation [of the statute] represents a typographical error rather

*N.M. Med. Rev. Comm'n*, 2000-NMCA-026, ¶ 13, 128 N.M. 691, 997 P.2d 823 (emphasizing that the Legislature has explicitly provided the right to appeal from judgments in remedial contempt proceedings in Section 39-3-15(A)). The time to appeal is stated in the statute as thirty days from the judgment. *See* § 39-3-15(A). This time period is consistent with the time allowed by the Supreme Court's rules of procedure for the filing of an appeal. *See* Rule 12-201(A)(1)(b) NMRA. "[A] timely appeal is a mandatory precondition to the exercise of our appellate jurisdiction." *State v. Upchurch*, 2006-NMCA-076, ¶ 2, 139 N.M. 739, 137 P.3d 679.

**{9}**     Here, Defendant filed his notice of appeal on February 9, 2023, more than six months after the entry of the final orders of contempt, which were entered in June and July 2022. Defendant's appeal is, therefore, untimely. Defendant cites no extraordinary circumstances that prevented him from timely filing. We, therefore, decline to reach the merits of Defendant's appeal of the two contempt orders. *See Chavez v. U-Haul Co. of N.M., Inc.*, 1997-NMSC-051, ¶¶ 25-26, 124 N.M. 165, 947 P.2d 122 (declining to exercise discretion to hear an untimely appeal where the notice of appeal was filed late and the party cited no unusual circumstances that would excuse the late filing).

## II.     The Order Dismissing Defendant's Counterclaims

**{10}**     Because the district court's order of January 13, 2023, dismissing Defendant's counterclaims with prejudice was not a final judgment and did not contain the language required by Rule 1-054(B) NMRA certifying the order for immediate appeal as of right, this Court does not have jurisdiction over Defendant's appeal from the remaining listed orders.[3] *See Carrillo*, 1992-NMSC-054, ¶ 59 (Baca, J., specially concurring).

**{11}**     "An order striking a counterclaim has long been considered by New Mexico courts to be an interlocutory order and not a final judgment." *B.L. Goldberg & Assocs., Inc. v. Uptown, Inc.*, 1985-NMSC-084, ¶ 3, 103 N.M. 277, 705 P.2d 683. Typically, the right to appeal is restricted to final judgments and decisions. *See* NMSA 1978, § 39-3-2 (1966); *Burris-Awalt v. Knowles*, 2010-NMCA-083, ¶ 8, 148 N.M. 616, 241 P.3d 617. Additionally, "an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the [district] court to the fullest extent possible." *Kelly Inn No. 102, Inc. v. Kapnison*, 1992-NMSC-005, ¶ 14, 113 N.M. 231, 824 P.2d 1033 (internal quotation marks and citation omitted). When a court disposes only of counterclaims, leaving the plaintiff's claims unresolved, it clearly has not determined all issues or fully disposed of the case.

**{12}**     Rule 1-054(B) permits an appeal from a nonfinal order "[i]f an action presents more than one claim for relief, whether as a claim, counterclaim, crossclaim, or third-party claim," only if the court directs entry of a final judgment and "expressly finds no just reason for delay." Absent such certification of the district court, multiple claims for

---

than a deliberate substantive change in this provision." 2000-NMCA-026, ¶ 13 n.1, 128 N.M. 691, 997 P.2d 823 (internal quotation marks and citation omitted).

3We have reviewed the record and determined that no final, appealable order currently exists in the record.

relief, including counterclaims for relief, "are treated as a single judicial unit, and an adjudication of any less than all of the claims is not a final order." *B.L. Goldberg & Assocs., Inc.*, 1985-NMSC-084, ¶ 4.

**{13}**     Here, Defendant asserts that the district court's order granting Plaintiff's motion to dismiss Defendant's counterclaims (and denying Plaintiff's request for default judgment) is a final order and is "ripe for review." We do not agree. The district court did not include in its order a certification indicating that it was final, as Rule 1-054(B) requires. We, therefore, do not have appellate jurisdiction at this time to review whether the district court properly dismissed Defendant's counterclaims, or to review any of the other nonfinal orders preceding the dismissal of Defendant's counterclaims entered by the district court.

**CONCLUSION**

**{14}**     For the reasons stated above, we dismiss Defendant's appeal, and remand to the district court.

**{15}     IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**JACQUELINE R. MEDINA, Judge**