This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**RONNIE GOMEZ,**

   **Worker-Appellant,**

**vs.**                  **No. 32,376**

**WAL-MART STORES and**
**AMERICAN HOME ASSURANCE**
**COMPANY,**
   **Employer/Insurer-Appellee.**

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Gregory D. Griego, Workers' Compensation Judge**

Ronnie Gomez
Los Lunas, NM

Pro Se Appellant

Hoffman Kelley LLP
Jeffrey L. Federspiel
McKinney, TX

for Appellee

## MEMORANDUM OPINION

**SUTIN, Judge.**

Worker, pro se, seeks to appeal from all the workers' compensation administration's (WCA's) orders file-stamped from March 12, 2010 (the original compensation order), to July 12, 2012. The latter order is a memorandum opinion that quashes Worker's most recent workers' compensation complaint on grounds that Worker did not make a sufficient allegation to reopen his case because his complaint related to the same dissatisfaction Worker has expressed with the March 2010 compensation order. The memorandum opinion also provides that a review process will be put in place by which the WCA can judge whether to accept any future complaints from Worker. We construed this order as a final, appealable order, but proposed to hold that Worker filed an untimely notice of appeal from that order or any order from which he sought to appeal. Thus, we issued a notice of proposed summary disposition, proposing to dismiss. Worker has filed a response to our notice. We have considered Worker's response and remain unpersuaded to exercise our jurisdiction over the untimely appeal. We therefore dismiss.

To properly invoke this Court's jurisdiction, a party must comply with the appellate rules governing the time and place in which to file the notice of appeal. *Govich v. N. Am. Sys., Inc.*, 112 N.M. 226, 230, 814 P.2d 94, 98 (1991) (stating that compliance with appellate rules are a mandatory precondition to the exercise of our appellate jurisdiction). The Rules of Appellate Procedure require that a notice of

appeal from a workers' compensation order be filed in this Court within thirty days of the file date of the order. *See* Rule 12-601(B) NMRA; *see also Singer v. Furr's, Inc.*, 111 N.M. 220, 221, 804 P.2d 411, 412 (Ct. App. 1990) (dismissing the claimant's appeal from a workers' compensation order for lack of jurisdiction when the claimant failed to timely file a notice of appeal in this Court). We note that Worker's pro se status does not excuse him from complying with the foregoing requirements. *See Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84 (stating that we hold pro se litigants to the same standard as attorneys).

As indicated, the most recent order from which Worker has sought to appeal was filed July 12, 2012. [RP 462-64] Worker filed a notice of appeal in this Court September 5, 2012. [Ct. App. File] Counting from the July 12, 2012, order, Worker's notice of appeal was filed twenty-five days after the time for doing so had expired. *See* Rule 12-601(B).

Our notice informed Worker that only in exceptional circumstances beyond the control of the parties will we entertain an untimely appeal. *See In re Estate of Newalla*, 114 N.M. 290, 296, 837 P.2d 1373, 1379 (Ct. App. 1992) (stating that "[o]ne such exceptional circumstance might be reasonable reliance on a precedent indicating that the order not timely appealed was not a final, appealable order"); *see also Trujillo v. Serrano*, 117 N.M. 273, 278, 871 P.2d 369, 374 (1994) (holding that exceptional

3

circumstances are those beyond the control of the parties, such as delay caused by judicial error).  Because Worker did not argue to this Court that we should excuse the untimeliness of his notice of appeal and did not acknowledge its untimeliness, we proposed to dismiss.

In response to our notice, Worker recounts the difficulty he had in filling out an application for a compensation order on June 26 and 27, 2012.  [MIO 30]  We fail to understand why Worker seems to believe that his difficulty in filling out the application in the WCA contributed to the untimeliness of his notice of appeal filed here fifty-five days after the WCA order denying his application, and it certainly does not constitute unusual circumstances beyond his control to justify the exercise of our jurisdiction over his untimely appeal.  *See State v. Upchurch*, 2006-NMCA-076, ¶ 5, 139 N.M. 739, 137 P.3d 679 ("Because there is no indication that unusual circumstances justify our discretion to entertain this untimely appeal, we do not overlook this grave procedural defect.").

For the reasons stated earlier and those stated in our notice, we dismiss Worker's appeal.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

4

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**TIMOTHY L. GARCIA, Judge**